## Case No. 2,523.

### CATLIN v. UNDERHILL.

[4 McLean, 199.][1]

Circuit Court, D. Indiana. May Term, 1847.

EVIDENCE—COPY OF RECORD—AUTHENTICATION.

1. To make a sworn copy evidence, the witness must state that he compared the copy with the original.

2. A surrogate acts as a clerk in certifying his proceedings, and as he also acts in the capacity of judge, he must certify as to the authentication under the act of congress.

[See U. S. v. Biebusch, 1 Fed. 213.]

[At law. Action by the executor of Lynde Catlin upon promissory notes.]

[1] [Reported by Hon. John McLean, Circuit Justice.]

Mr. O'Neal, for plaintiff.
Mr. Yandees, for defendant.

OPINION OF THE COURT. This case is brought before the court, by consent of the parties, to submit certain questions on the admissibility of evidence.

Charleston Farris being sworn, says, that the annexed exhibit A contains the letters testamentary, the copy of the will, the certificate of the surrogate and the proofs thereon, and a certified copy of the oath taken by the witness upon taking out said letters testamentary. Witness states that he has acted as such executor ever since he was so qualified, and still continues to act. This, it was contended, proved the will and other papers as sworn copies. But the witness does not swear that he compared the copies with the record; and, therefore, they can not be received as sworn copies. The surrogate before whom the will was proved. and who granted the letters testamentary, certified under his official seal, to a copy of the will, letters, etc., and proof of the will. But there was no certificate of the presiding judge, that the attestation was in due form, and for this defect the copies are objected to. The surrogate acts as his own clerk, and certifies under his seal, but he also acts in the capacity of judge, and, consequently, had a right to certify. He keeps a record, and the court held that copies must be authenticated in the form required, to make them evidence.

The act of congress of 1790 provides, "that the records and judicial proceedings of one state shall be proved or admitted in any other court within the United States, by the attestation of the clerk and the seal of the court annexed, if there be a seal, together with the certificate of the judge, chief justice or presiding magistrate, as the case may be, that the said attestation is in due form." The papers offered, not having the required authentication, can not be admitted in evidence.

[NOTE. For what appears to be the trial of this case, see the next following case, No. 2,524.]