## DUVALL *vs.* P. & S. ELLIS.

1. Unless the objections made in the circuit court to the reading of depositions *specially point out the grounds* of objection, the Supreme court will not consider them.
2. In order to authenticate a record of a court of a sister State, under the act of Congress of May 26, 1790, it is indispensable that the judge should state in his certificate, that *the attestation of the clerk is in due form.*
3. Where a court of a sister State is not so constituted as to bring it within the act of Congress of 1790, providing for the mode of authenticating records, its proceedings may be authenticated in the common law mode.

ERROR TO RANDOLPH CIRCUIT COURT.

WILSON for plaintiff in error.

1. The circuit court should have permitted the record of the probate court of Hancock county, Illinois, to have been read in evidence the certificate being sufficient authentication according to the acts of Congress upon that subject.
2. The deposition of Dillon Duvall, should have been suppressed.

NAPTON, J., delivered the opinion of the court.

William Duvall sued Peter H. and Sarah G. Ellis on a note for $398,-50, due Nov. 1. 1842. The suit was commenced in 1846 in the circuit court of Randolph county. Issues were taken upon the pleas of payment, set off, and the general issue. Upon the trial, the defendants attempted to show by means of the depositions, and a record of a Chancery suit in Kentucky, that they had paid off the note sued on or rather that they had paid up a certain indebtedness which existed on the part of plaintiff to one Martin Duval, equal in amount to the note sued on and this indebtedness grew out of the same transaction which gave rise to the note sued on. To the reading of one of the depositions, the plaintiff objected ; but the objection was overruled.

The plaintiff in rebuttal then offered to read a record of the proceedings of the Probate court of Hancock county in the State of Illinois, to authenticate which there was appended the following certificate. "I, David Greenleaf, Probate Justice of the peace in and for said county of Hancock, and presiding Justice of said court, do hereby certify, that the foregoing is a full and true copy of the records in my office of the proceedings on the estate of Walton R. Hurst deceased, so far as the same appears from the books and papers in my office. In testimony whereof, I have hereunto set my hand and private seal (there being no public seal provided for said office, and I being my own clerk, no clerk

being allowed by law to the Probate Justice) at my office in Carthage in said county of Hancock, this 16th day of March A. D. 1847.

DAVID GREENLEAF,

Probate Justice of the peace for Hancock Co. Ills."

And the following additional certificate.

"State of Illinois, Hancock county, sct. I, George W. Thatcher, clerk of the county commissioner's court in and for said county, do hereby certify, that David Greenleaf, Esq., whose name appears to the foregoing certificate, was on the day of the date thereof an acting Probate Justice of the peace in and for said county, duly elected, commissioned and qualified, as appears to me of record, and that his official acts as such, are entitled to full faith and credit. In testimony whereof I have hereunto set my hand and affixed the seal of said court at Carthage, this 16th day of March, 1847. George W. Thatcher, cl'k. c. c. c. H. c."

This record was not permitted to be read. Thereupon the plaintiff took a non suit. To set this non suit aside is the purpose of this writ of error.

The objections to the deposition of Dillard Duval cannot be considered here for two reasons, first, because no exception was taken to its admission, and second, if there had been, the objection made here is merely partial, and does not apply to the whole deposition, and therefore was no ground for its entire exclusion. In such cases, the specific parts objected to should be pointed out in the circuit court, and at the proper time. There is nothing in the bill of exceptions to show that this was done—nothing to show what the objections were, whether to the authentication of the deposition, the competency of the deponent, or the competency of only portions of his depositions. The latter is the objection insisted on in this court, but there is nothing in the record to show that this objection was made in the circuit court.

The ruling of the court which occasioned the non suit was the exclusion of the Illinois record. It is urged now, that this record was sufficiently authenticated under the act of Congress of May 26, 1790.

It is very questionable, whether a court constituted as this Probate court of Hancock county was, is one whose proceedings can be authenticated in the mode pointed out by that act. I observe that Judge Cowan in his notes on Phillips (vol. 3 p. 1125) states that in New Hampshire, Massachusetts, New York, Ohio, and perhaps some other states it has been held, that the proceedings of justices of the peace cannot be authenticated excepted in the common law mode, or in such

other modes as the statutes of each State may have provided. In Connecticut, Vermont and Kentucky, we are informed by the same writer, a different opinion prevails. It is unnecessary to determine the question in this case ; for admitting that a proper authentication could be made by such a court as the Probate Justice of the peace for Hancock county, under the act of Congress, it is manifest that a material requisite of that act has not been complied with. It is not certified by the Justice, that his attestation as clerk *is in due form*. That this is indispensible appears from a variety of cases cited in the work already alluded to. Cowan and Hill's notes p. 1133.

Whether this court was so constituted as to bring it within the act of Congress of 1790 or not, there is no doubt its proceedings might have been authenticated in the common law mode. It appears that in Ohio (Silver Lake Bank vs Harding, 5 Hamm, R. 546) that the certificate of the clerk of the county court, under the seal of that court has been regarded as sufficient proof that the person certifying the transcript is a justice and authorised to make such certificate. Upon what principle this opinion was based I cannot learn from the report of the case by Judge Cowan (notes p. 1128) and I have not access to the Ohio Reports. It may be that a statute of that State authorised such a mode of authentication. We have no such statute here, and I know of no principle of the common law which warrants this court in taking official notice of the seal of a county commissioners court of a county in Illinois, although a certificate of the same fact under the great seal of the State might be sufficient.

Judgment affirmed.