WILBURN'S ADMINISTRATOR, Appellant, *vs.* HALL, Respondent.

1. To authenticate a record of a court of another state, under the act of congress of May 26, 1790, the certificate of the judge must state that *the attestation of the clerk is in due form.*

## *Appeal from Jackson Circuit Court.*

Plaintiff, as administrator, &c., sued defendant in the Jackson Circuit Court, on a note executed by defendant to the

deceased, for $1522 50, dated August 1st, 1845, and payable three years thereafter.

Defendant admitted the execution of the note, but denied plaintiff's title to the note, alleging that the deceased died in Dallas county, Texas ; that Robert Wilburn obtained letters of administration from the County Court of Dallas county, Texas ; and that, as such administrator, said Robert Wilburn transferred the note sued upon, by assignment, in writing, to one John McCarty.

The trial of the cause was submitted to the court. The plaintiff read in evidence the note sued upon ; letters of administration to John Smyth upon the estate of said Edward, from the Jackson County Court, and also letters of administration to plaintiff. The death of Smyth was admitted to have occurred before the grant of letters to plaintiff.

The defendant offered in evidence papers filed as exhibits A. and B., in a suit which was taken from the Jackson Circuit Court to the Supreme Court, in which John McCarty was plaintiff, and the defendant in this case was also defendant in that. Paper A. purports to be a copy of the order of the Probate Court of Dallas county, Texas, granting letters to Robert Wilburn upon the estate of the said Edward, and also a copy of the letters. Paper B. purports to be a written assignment by Robert Wilburn, as administrator, of a note answering the description of the note sued upon, to John McCarty, in satisfaction of his wife's distributive portion in the estate of her father, the said Edward. This appears to have been sworn to by Robert Wilburn, before the clerk of the County Court of Dallas county, Texas. Plaintiff objected to their reception in evidence.

Defendant then introduced plaintiff as a witness, who was required to answer all questions, subject to all legal objections. The plaintiff testified that the note sued upon in the case of *McCarty* v. *Hall*, which went to the Supreme Court from this court, was the same note sued upon in this suit ; that McCarty and wife executed a power of attorney to witness, to receive

a note from Robert Wilburn, upon defendant, for the sum of $1500, in satisfaction of Mrs. McCarty's interest in her father's estate ; that the note was sent by letter from Texas to witness, and that this was the note received ; that after witness had received the note, he wrote the paper marked B., except the signature, date, and some other blanks, and sent it by mail to Texas, to be executed by Robert Wilburn, and that it was returned to witness in its present condition; that witness caused said suit of *John McCarty* v. *Jacob Hall*, to be brought ; that he caused said papers, marked A. and B., to be filed in that cause ; that McCarty had no knowledge of the execution of the paper B. ; that McCarty has never revoked the power of attorney to witness to his knowledge ; that witness intends to pursue the law as administrator, but if he can find any authority for it, he intends, when collected, to appropriate the money now sued for, to John McCarty and wife.

Plaintiff objected to the introduction of paper A., because not properly authenticated ; also, because the letters were defective on their face ; also, because the issue presented by the answer was immaterial, and paper A. was immaterial and irrelevant.

Plaintiff objected to the introduction of paper B., because it was not filed in this cause, as required by the statute to prove assignments by affidavit ; because the assignment was not endorsed upon the note ; because the execution of B. was not proved ; also, because the issue presented by the answer was immaterial.

The court excluded papers A. and B., to which defendant excepted.

No further evidence being offered by either side, the court found for plaintiff.

Defendant then filed his motion for a new trial, which being overruled by the court, defendant excepted, filed his bill of exceptions and brings the cause up by appeal.

*Sheley*, for appellant.

1. The administrator, appointed in pursuance to the law of

Wilburn's Adm'r *v.* Hall.

a sister state, is fully authorized to sue in this, or to assign a note due his intestate, and the assignee is authorized to sue. *Harper* v. *Butler*, 2 Pet. Rep. 240. *Trecothick* v. *Austin*, 4 Mason's Rep. 16. *Glassell's Administrator* v. *Wilson's Administrator*, 4 Wash. C. C. Rep. 59. Kirby's Rep. (Conn.) 270. *Leake* v. *Gilchrist*, 2 Dev. 73 — synopsis found in Sup. to U. S. Digest, vol. 1, p. 831.

2. The court erred in excluding the papers as they were filed in the office by the real party in interest, and also in treating the answer of Hall as presenting an immaterial issue.

3. The suit ought to have been brought in the name of McCarty, he being the real party in interest. Sec. 1, Art. 3 of the present practice act.

*S. L. Leonard*, for respondent.

1. The defendant has failed to make a case, containing so much of the evidence as may be material to the questions, for a new trial, as required by the new practice act. *Skinner* v. *Ellington*, 15 Mo. 488.

2. The court properly excluded paper A. Act congress, May 26th, 1790. 13 Mo. 203. 1 Greenl. Ev. 506 ; and paper B., acts 1847, p. 109, sec. 1. Rev. Stat. 190, sec. 2.

3. The defence set up by defendant is immaterial, and he is estopped from asserting it, the former suit having been based upon the ground defendant now contends for, and he having defeated it by the same position on which this suit is based. *McCarty* v. *Hall*, 13 Mo. 480.

RYLAND, Judge, delivered the opinion of the court.

The questions arising in this case, involve the propriety of the decision of the court below, in rejecting the paper A., being a transcript from the records of the Probate Court of Dallas county, in the State of Texas ; also, in rejecting the paper B., purporting to be an assignment of a note, by Robt. Wilburn, administrator of the estate of Edward Wilburn, deceased, to one John McCarty.

The defence set up by the defendant in his answer, depending, mainly, upon the existence of facts, which these papers

were offered to establish, upon the rejection of them, had noth-
ing to sustain it.    It becomes necessary, then, to consider the
act of the court in excluding these papers, with a view of its
importance to the rights of the litigants.

1. The paper marked A., which the defendant offered, and
which was rejected, purported to be a transcript of the record
of certain proceedings in the Probate Court of Dallas county,
in the State of Texas.    This transcript was, in the opinion of
this court, properly excluded as evidence, because it was not
legally authenticated under the act of congress.    The certifi-
cate of the Chief Justice and Judge of County Court within
and for the county of Dallas, and State of Texas, " is defec-
tive in an important particular ; it omits to contain the aver-
ment that the attestation of the clerk, who certifies the tran-
script of the record, is in due form."    See *Duvall* v. *Ellis*,
13 Mo. Rep., 203.

The rejection of this paper necessarily produced the rejec-
tion of the paper B.    There is, then, no error in the act of
the court in thus excluding these papers.

The defendant relied upon the fact, that, although these
papers were not properly authenticated, so as to be evidence
of themselves, yet, as they had been filed by John McCarty's
counsel among the papers and records of the suit brought by
him upon the same note on which this suit is founded, against
the same defendant, the defendant now had a right to use
them as evidence against the present plaintiff.    We see no
force in this position.    If the defendant in the McCarty suit,
failed to avail himself of what was a fatal objection to the
introduction of the paper A. in evidence in that action, it was
at his own option ; he had his object in view, and in all pro-
bability he turned it to his own advantage.    But this by
no means authorizes him now to read this very paper with its
imperfect authentication, or rather without any authentication,
in the present action, wherein a totally different plaintiff appears
upon the record.    In every view of the case, then, there is no
error in refusing permission to defendant to read these papers.

The question then, about the right of an administrator of an estate in another state, to assign or transfer a promissory note, so as to authorize the assignee to sue in this state, in his own name, is not varied by the record of this case, and is not now before this court. The answer of the defendant admits the making of the note and mortgage sued on in this case, and does not pretend that the debt has been paid. It is the opinion of this court that the judgment of the court below should be affirmed, with damages, at the rate of ten per cent. thereon.

The judgment below is accordingly affirmed, with ten per cent. damages — the other Judges concurring herein.