WILLIAM CASE v. J. L. HUEY, *Administrator, &c.*

1. ADMINISTRATION; *Depositions; Practice.* While a claim against an administrator of an estate is pending in the probate court, the holder of the claim cannot take depositions to prove his claim, except with the written consent of the administrator. (Executors' and Administrators' Act, § 95.) And where the holder of the claim does in fact take depositions by giving notice to the administrator, under §§ 346, 347 and 352 of the civil code, but takes the same without the consent of the administrator, and in his absence, *held*, that such depositions are invalid; and that after the claim has been disallowed by the probate court and the case appealed to the district court, the district court may suppress such depositions, on motion of the administrator, without committing error.

2. JUDGMENT *of a Justice of the Peace of Sister State.* An action may be instituted in Kansas on a judgment of a justice of the peace of a sister state, and such judgment may be duly authenticated under § 371 of the civil code, so as to make a duly-certified transcript of the justice's proceedings evidence of such judgment in the district courts of Kansas; and a justice of the peace of such sister state, having no clerk or seal, may authenticate the record of his proceedings in the capacity of both judge and clerk of his court.

*Error from Cowley District Court.*

AT the December Term, 1880, of the district court, the defendant *Huey,* as administrator of the estate of Albert Chamberlain, deceased, had judgment against plaintiff *Case,* who brings the case here. The opinion states the facts.

*Buck & Feighan,* and *L. B. & J. A. Kellogg,* for plaintiff in error:

1. The notice to take depositions was sufficient as to form. The administrator relied upon that peculiar provision of Comp. Laws 1879, p. 421, § 95, which contains no negative words, while plaintiff relied upon §§ 346, 347 and 352 of the code, which allows depositions to be taken.

2. The evidence offered by plaintiff was admissible under the constitution of the United States; (Art. 4, § 1; U. S. Rev. Stat., 2d ed., p. 171, § 905; Code, §§ 371, 377;) and as provided at common law.

Case v. Huey, *Adm'r*.

The books abound in nice discriminations and technical learning as to what may be admitted under that act of congress, and the effect of the judgment when admitted. For the purposes of this case, we need not discuss whether the judgment was conclusive or *prima facie;* if it was evidence tending to establish our claim, even one part of our evidence, it should have been admitted. We could then have shown by the laws of Wisconsin everything else necessary; and we had a right to determine the order in which we would offer our evidence. (13 Kas. 493.)

3. A judgment of a justice of the peace may be certified under the act of congress. (5 Day [Conn.], 366; 44 Ill. 32; 3 T. B. Mon. [Ky.] 62; 23 Vt. 435; 6 N. H. 567; 1 Cheves [S. C.], 7. See also 5 Ohio 547; 9 Ind. 212.)

For the purposes of evidence, this is to be regarded as a domestic judgment. (7 Cranch, 481; 34 Ill. 169; 5 id. 539.)

This court, in 19 Kas. 86, seems to hold that § 371 of code is applicable to this and all similar cases. In this case there is a full compliance with that section.

4. The same person may be judge and clerk of a court, and may certify in each capacity. (27 Pa. St. 479; 71 id. 240; 13 Rich. [S. C.] 72; 12 Cal. 188; 5 Day [Conn.], 363; 13 Mo. 203; 43 Vt. 429; 4 McLean, 199.)

5. The record and certificates were sufficient and admissible. (2 Tyler, 364; 65 Pa. St. 105; 26 Ind. 445; 1 Stew. 27; 1 Iowa, 1; 2 Greene, 186; 4 id. 294; 3 Barb. Ch. 325; 32 Ala. 645; 8 id. 391; 15 id. 632; 14 Ark. 672; 4 Harr. 435; 24 Vt. 501; 30 id. 81; 3 Mo. 353; 1 Wright, 127.)

*C. R. Mitchell*, for defendant in error:

Plaintiff claims that his demand is founded on a judgment, which has never been in any manner revived against the estate; hence it has never been even legally exhibited. (Comp. Laws 1879, ch. 37, §§ 82, 83, 84.)

It is quite well settled that the court of a justice of the peace is not a court of record generally; and in Wisconsin there can be no question about it. To make a transcript of a docket

of a justice of the peace in that state evidence in a court of this state, it should be proven as any other fact is proven. Unless the judgment was revived, and such revivor was shown by competent evidence, the transcript would in no event be any kind of evidence in this case. (8 Tenn. 302; 3 East, 221; 5 id. 475; 2 Cranch, 237.)

The opinion of the court was delivered by

VALENTINE, J.: This action was originally commenced in the probate court of Cowley county, by William Case against J. L. Huey, administrator of the estate of Albert Chamberlain, deceased, on a judgment rendered by a justice of the peace in Wisconsin in favor of the plaintiff, William Case, and against the said Albert Chamberlain, in his lifetime. While the action was pending in the probate court, the plaintiff gave notice to the administrator, under §§ 346, 347 and 352 of the civil code, that he would take depositions of sundry witnesses in the state of Wisconsin, and depositions were taken in accordance with the notice, but without the consent and in the absence of the administrator. On the hearing of the case in the probate court, the probate court decided against the plaintiff and in favor of the defendant, and the plaintiff appealed to the district court. In the district court the defendant moved to suppress the depositions upon various grounds, among which was that the administrator never gave his consent in writing that such depositions should be taken. The district court sustained the motion, and suppressed the depositions. Afterward the case was tried by the court without a jury, and on the trial the plaintiff offered to introduce, among other evidence, a certified transcript of the judgment rendered by the justice of the peace in Wisconsin, but the defendant objected upon the ground that the same was incompetent, and the court sustained the objection, and the evidence was excluded. Afterward judgment was rendered in the district court in favor of the defendant, and against the plaintiff; and the plaintiff now brings the case to this court.

The principal grounds alleged for errror are, the suppressing of said depositions, and the exclusion of said transcript as evidence. We will consider these alleged errors in their order:

I. We think the court below ruled correctly in suppressing said depositions; for they were taken while the case was pending in the probate court, and not only without the consent of the administrator in writing, but against his consent and in his absence. They were therefore taken without authority of law, and were really no better than *ex parte* affidavits. The hearing of a case in the probate court is informal and summary, and nothing is allowed to intervene to swell the costs that can conveniently be avoided. Sections 94 and 95 of the executors' and administrators' act read as follows:

"SEC. 94. The probate court shall hear and determine all demands in a summary way, without the form of pleading, and shall take the evidence of competent witnesses, or other legal evidence.

"SEC. 95. Any person may take depositions in support of his demand, at his own expense, if he first procure the written consent of the executor or administrator; and such depositions may be taken in the ordinary manner, at such time and place as may be agreed upon, and read in evidence in support of such demand."

If the plaintiff can prove his claim in the probate court without the aid of depositions, or if his claim is admitted, he does not need to take depositions; but if he cannot prove his claim without the aid of depositions, and the administrator will not admit the claim, nor consent in writing that depositions may be taken, then the plaintiff, after his claim has been disallowed in the probate court, must take an appeal to the district court, where he can take depositions under §§ 346–362 of the civil code. In the present case the depositions were not taken in accordance with law, and therefore it was right that they were suppressed. These depositions were in law merely *ex parte* affidavits.

II. The plaintiff claims that the court below erred in excluding the transcript of the judgment rendered by the justice of the peace in Wisconsin, and refusing to permit it to

be introduced in evidence. This judgment was rendered by Charles N. Holden, a justice of the peace of Juneau county, Wisconsin, and the transcript thereof was duly certified by the justice; and the justice further certified:

"And I further certify that said judgment was rendered in accordance with the laws of the state of Wisconsin, and that no part of said judgment has been paid, and that I am the sole custodian of the records of my office as such justice of the peace. And that I have no official seal and have no clerk, and that this certificate is in due form of law."

Also attached to said transcript was a certificate of the clerk of the circuit court of Juneau county, Wisconsin, certifying to the official character of the justice, to the genuineness of his signature, and substantially to the same matters set forth in the certificate of the justice, as above quoted, except that he says nothing with respect to the payment of the judgment. This certificate of the clerk is attested by the seal of the court. Also attached to said transcript is a certificate of the judge of the circuit court of said Juneau county, certifying to the official character of the clerk, the genuineness of his signature and of the seal, and that the certificate and attestation are in due form and entitled to full faith and credit. Also attached to said transcript is the following certificate of the secretary of state of Wisconsin, attested by the great seal of the state, which certificate reads as follows:

"STATE OF WISCONSIN, ss.— I, Hans B. Warner, secretary of state in and for the state of Wisconsin, do hereby certify that Honorable Alva Stewart and E. D. Wightman, whose names are subscribed to the foregoing certificate, were at the date thereof, and are now, respectively the judge and clerk of the circuit court in and for Juneau county, Wisconsin, and that their signatures to said certificate are genuine, and that the seal of said court affixed to the certificate of said clerk is the genuine seal of said court. I further certify that Charles N. Holden, Esq., whose name is subscribed to the first one of the foregoing certificates, and before whom the foregoing judgment was rendered, was at the date of the issuance of the summons in said suit and the rendition of said judgment a justice of the peace in and for said county of Juneau, state of Wisconsin, duly elected and qualified, and was such justice

of the peace at the date of the said certificate, and his official acts as such justice of the peace were and are entitled to full faith and credit. At the date of the issuance of said summons and the rendition of said judgment, said justices' court in and for said county of Juneau, state of Wisconsin, presided over by said justice of the peace, Charles N. Holden, Esq., was duly constituted, and the general nature of its jurisdiction was and is as follows: To hear, try and determine actions arising or growing out of contracts express or implied, wherein the debt or balance due or damages claimed shall not exceed two hundred dollars, including actions founded on an account, when the amount of the account proven to the satisfaction of the justice shall not exceed five hundred dollars, and when the same shall be reduced by credits or payments indorsed to an amount not exceeding two hundred dollars; and that I am the officer who has the custody of the principal seal of the said state of Wisconsin.

"In testimony whereof, I have hereunto set my hand and affixed the great seal of the state, at the capitol, in the city of Madison, this twelfth day of August, A. D. 1880.

[L. S.]                                        HANS B. WARNER,
                                                  *Secretary of State.*"

Should this transcript have been admitted in evidence in the district court? That a judgment of a justice of the peace of a sister state is a sufficient foundation upon which to base an action, is so well settled by adjudications and by general consent, that we do not think that the proposition requires any discussion or any citation of authority to uphold it, but the defendant claims that the judgment rendered in Wisconsin has never been revived as against the administrator, and therefore that it is wholly inoperative and void as a cause of action. This cannot be true. It is not necessary to revive a judgment in such cases in order to found an action upon it. It would not be necessary, even if the judgment were rendered by a justice of the peace in Kansas. (*Scroggs v. Tutt*, 23 Kas. 181, 189, 190.) It follows, therefore, that the claim of the plaintiff is a valid one, provided it is true, and that it presents a sufficient foundation upon which to base all the proceedings had in both the probate court and in the district court. The only question then to be considered by this court

is, whether said transcript, certified as it was, was competent evidence in the district court, tending to prove the plaintiff's claim. We think it was. That judgments of justices of the peace are included in the provisions of §1, article 4, of the constitution of the United States, we think is universally conceded; but whether they are contained in the provisions of the act of congress (§905 of the judiciary act, U. S. R. S., p. 170) prescribing the mode of authentication and proof of judicial records and proceedings, is disputed. The courts in some of the states hold that they are not, while the courts in Connecticut, Vermont and Kentucky hold that they are: *Bissell v. Edwards*, 5 Day (Conn.), 363, 366; *Brown v. Edson*, 23 Vt. 435, 447, 448; *Scott v. Cleveland*, 3 T. B. Mon. (Ky.) 62. Also in this connection, see the following authorities: *Belton v. Fisher*, 44 Ill. 33; *Martin v. Wells*, 43 Vt. 428; *Lawrence v. Gaultney*, Cheves (S. C.), 7; *Draggoo v. Graham*, 9 Ind. 212.

If judgments of justices of the peace are included within said act of congress, then the judgment of the justice of the peace of Wisconsin, offered in evidence in this case, was undoubtedly sufficiently authenticated, and was entitled to be introduced in evidence. We shall not express any opinion upon this question, however, as we think the transcript should have been admitted in evidence under our own statutes. Section 377 of the civil code provides that "copies of proceedings before justices of the peace, certified by the justice before whom the proceedings are had, shall be evidence of such proceedings," but we think this section has application only to domestic judgments—only to judgments rendered in the state of Kansas. There is another section, however, of the civil code which we think applies to this case, and which reads as follows:

"SEC. 371. Copies of records and proceedings in the courts of a foreign country may be admitted in evidence, upon being authenticated as follows: First, by the official attestation of the clerk or officers in whose custody such records are legally kept; and, second, by the certificate of one of the judges or magistrates of such court that the person so attesting is the

clerk or officer legally intrusted with the custody of such records, and that the signature to his attestation is genuine; and, third, by the official certificate of the officer who has the custody of the principal seal of the government under whose authority the court is held, attested by said seal, stating that such court is duly constituted, specifying the general nature of its jurisdiction, and verifying the seal of the court." (Comp. Laws of 1879, p. 650.)

Now if neither the act of congress providing for the authentication of judicial records and proceedings, nor § 377 of the civil code, applies to the authentication of records made by justices of the peace in sister states, then § 371 of our civil code must apply; for otherwise we would have no mode of proving records of justices of the peace of sister states, except the old common-law mode; and just what that mode is, is not very well settled or defined. We think that said § 371 of the civil code is applicable; that the same person may be the judge and the clerk of the same court, and may certify its proceedings in each capacity, we think has been settled beyond controversy. (*Bissell v. Edwards,* 5 Day [Conn.], 363–366; *The State of Ohio v. Hinchman,* 27 Pa. 479; *Sally v. Gunter,* 13 Rich. [S. C.] 72; *Low v. Burrows,* 12 Cal. 181, 188; *Catlin v. Underhill,* 4 McLean, 199.) If the justice of the peace could certify both as judge and clerk — and we think he could — then his certificate in the present case complies with § 371 of the civil code in every respect; and the certificate of the secretary of state undoubtedly fulfills every requirement of the section.

We think the transcript of said judgment was erroneously excluded; and therefore, for this error, the judgment of the court below will be reversed, and cause remanded for a new trial.

All the Justices concurring.