[No. 5883.]

THE HENRY INVESTMENT COMPANY v. SEMONIAN.

1. Judgment—Foreign—Authentication—The record of the judgment of a court of another state not attested by the clerk, and without any certificate of the presiding magistrate that the attestation is in due form of law, will not be received in evidence.—(263)

2. **Appeals—Abstract**—An abstract which sets forth all the evidence given in support of a particular cause of action will entitle the appellant to a review of errors alleged in the judgment upon that cause of action.—(263)

3. **Appeals—Judgment Reversed in Part**—Where a judgment was reversed in part, the court below was directed to grant a new trial as to the particular cause of action in respect to which error had intervened, and thereupon to vacate the judgment as to the residue, and enter a new judgment as of the date of the first, for the total amount found due.—(263)

*Error to Denver District Court*—Hon. JOHN I. MULLINS, Judge.

Messrs. ALLEN & WEBSTER, for plaintiff in error.

Messrs. SKELTON & MORROW, for defendant in error.

Mr. JUSTICE MUSSER delivered the opinion of the court:

This action was brought by the defendant in error, in the District Court of the City and County of Denver, against the plaintiff in error, upon thirty-two causes of action. The trial was without a jury. The court found for the plaintiff on twenty-four causes of action, expressly finding the amount due on each cause of action, and rendered a total judgment in the sum of $1,500.18, which included $302.00, found to be due on the first cause of action, and $1,198.18, of which no complaint is made. The first cause of action was upon a judgment, alleged to have been rendered in the state of Nebraska against the defendant, and thereafter assigned to plaintiff. To sustain this cause of action, the plaintiff offered in evidence what purports to be a transcript of the proceedings in the Nebraska court. To this transcript, the following certificate was appended:

"County of Scotts Bluff, } ss.
  "State of Nebraska,

"I do hereby certify the foregoing to be a true, full and complete transcript of the proceedings of the county court for said county in Case No. 74, in Docket 2, of the records of said court, as shown by the entries therein, which records are in my possession duly certified. Wherein Jesse H. Vickery is plaintiff and The Henry Investment Company is defendant.

"In witness whereof, I have hereunto set my hand and affixed the seal of the county court of said county, on this 29th day of November, A. D. 1902.

"E. S. De La Matter,

(Seal)                              "County Judge."

No other authentication appeared. This transcript was admitted in evidence and, with the assignment to plaintiff, was the only evidence relating to the first cause of action. The errors assigned relate only to this first cause of action. The plaintiff in error contends that the court erred in admitting the above-mentioned transcript in evidence, and in excluding certain other evidence offered.

It is only necessary to consider whether or not the transcript from the Nebraska court was properly authenticated so as to make it competent testimony, without regard to its sufficiency.

Section 359 of the Colorado Code is as follows:

"The records in judicial proceedings of the courts of any other state or territory of the United States may be proved or admitted in the courts of this state by the attestation of the clerk and the seal of the court annexed, if there be a seal, together with a certificate of the judge, or presiding magistrate, as the case may be, that said attestation is in due form."

Section 905 of the Revised Statutes of the United States provides for the authentication of judicial records, in almost the same language as that of our Code.

Under these statutes, it is clear that the record of the Nebraska court was not properly authenticated, and ought not to have been admitted, for there is no attestation by a clerk, nor certificate of the judge that the attestation is in due form.—Freeman on Judgments (4th ed.), secs. 412 and 413; *Catlin v. Underhill,* 4 McLean 199; *Hutchins v. Gerrish,* 52 N. H. 205; *Duvall v. Ellis,* 13 Mo. 203; *Bissell v. Edwards,* 5 Day 363; *Folsom v. Blood,* 53 N. H. 434.

The defendant in error does not claim that the Nebraska record was properly authenticated. He asserts that the abstract of the record does not set forth all of the evidence, and that, therefore, it is to be presumed that the court below found from evidence that was competent. The abstract, however, purports and appears to contain all of the evidence relating to the first cause of action. Its deficiency has not been pointed out. The presumption that omitted testimony was competent and sufficient can not be indulged, for it does not appear that any testimony was omitted.

The judgment will be reversed and this cause remanded, with directions to the court below to retry the first cause of action as to what, if anything, was due thereon at the date of the former judgment, to wit, October 23, 1905, and enter judgment, as of that date, for the sum of $1,198.18, plus whatever may be found due on the first cause of action.

*Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CAMPBELL concur.