State *v.* Walton.

—◄•►—

STATE OF MAINE *vs.* MASON A. WALTON.

*Collector of taxes.     Embezzlement.     Indictment.     Pleading.*
*R. S., c. 120, § 7.     Tax.*

It is not necessary in an indictment against a town officer for the embezzlement or fraudulent conversion to his own use of moneys in his possession and under his control by virtue of his office, to allege to whom the money belonged or that it was the property of another.

R. S., c. 120, § 7, declares three different classes of offenders liable to be deemed guilty of larceny. It is not necessary to the validity of an indictment under the provisions there found to set out the various facts that would be necessary to constitute larceny as elsewhere defined. It is sufficient to allege the acts and facts which that section declares shall be deemed larceny.

A town collector of taxes is a public officer within the meaning of that section, and cannot successfully object to the maintenance of an indictment under that section for the fraudulent conversion to his own use of moneys which have come into his possession and under his control, by virtue of his office, that he and his sureties are liable to account to the town for the money which he collects for it according to his bond, and that the money is not the town's money until it is paid into the treasury.

ON EXCEPTIONS.

INDICTMENT alleging that the defendant, on the first day of December, 1871, was a public officer, to wit, the collector of taxes of the town of Alton, and that, by virtue of and while employed in that office, he received and had in his possession and control, nine hundred dollars of the property of the inhabitants of Alton, and fraudulently embezzled and converted it to his own use; the

State *v.* Walton.

second count averred that the defendant not being an apprentice, nor below the age of sixteen years, having in his possession and under his care by virtue of his employment, bank-bills, the property of said inhabitants, of the value of one thousand dollars, did embezzle and convert the same to his own use, and took and secreted these bills with the intent to embezzle them and convert them to his own use. The first count concluded with an averment that by such embezzlement the defendant did feloniously steal, take and carry away the money so in his custody as collector. A demurrer filed by the defendant was overruled, and he excepted. It was agreed that, if his exceptions were overruled, he might plead anew.

*A. Sanborn* and *J. H. Hilliard,* for the defendant.

R. S., c. 120, § 7, does not mention a collector of taxes *eo nomine*; nor does such an officer come within the spirit of the act, or the mischief which the act was designed to prevent.

The money though held by him in consequence of his official position, was his own and not the property of the town of Alton, though it might be expected to become so by payment into its treasury; and to secure such payment the defendant had given bond satisfactory to the town.

A tax is not a debt; hence, cannot be offset against a claim of the person assessed against the town. *Pierce v. Boston,* 3 Metc., 520. It is *sui generis.* If not a debt due the town from the individuals assessed, then it is not one when collected and in the hands of the collector.

The only exception is that by R. S., c. 6, § 113, in certain cases it is made a debt to the collector, and not to the town, and he is authorized to sue for and recover it in his own name. His collections, then, are his own,—like those of an auctioneer, or any other bill-collector—so long as they are in his hands. *Com. v. Stearns,* 2 Metc., 343; *Colerain v. Bell,* 9 Metc., 499; *Hancock v. Hazzard,* 12 Cush., 112; *Packard v. Stinger,* 36 Ind., in Am. Law Reg. for June, 1873, page 406; *Look v. Industry,* 51 Maine, 375.

State v. Walton.

The tax-payer, illegally assessed or distrained, in order to recover, must prove the money paid into the treasury of the town. *Lincoln v. Worcester*, 8 Cush., 59.

It is manifestly unjust to say that the collector is liable for the money, though lost, because it is his money, and liable as an embezzler, if he does not pay it over promptly, because it is the town's.

*H. M. Plaisted*, Attorney General, and *Charles P. Stetson*, County Attorney, for the State.

BARROWS, J. Section seven of chapter one hundred and twenty of the Revised Statutes declares that offenders of three distinct classes, who would otherwise at most be held liable for embezzlement or breach of trust, or for fraudulent connivance in such breach of trust, shall be deemed guilty of larceny.

I. Embezzlement, or the fraudulent conversion to his own use, or the taking and secreting with that intent of the property of another, in the possession of the offender, or under his care by virtue of his employment, committed without the consent of his employer or master by an officer, agent, clerk or servant of a person, copartnership or corporation, the offender not being an apprentice, nor less than sixteen years of age, is to be deemed larceny.

II. "If a public officer, or an agent, clerk or servant of a public officer, embezzles or fraudulently converts to his own use, or loans, or permits any person to have or use for his own benefit, without the authority of law, any money in his possession or under his control, by virtue of his office or employment by such officer, he shall be deemed guilty of larceny, and be punished accordingly."

III. The same result follows as to him who, without authority of law and with intent to convert the same to his own use, knowingly receives from a public officer, or his clerk, servant or agent, any money in the possession or under the control of such officer by virtue of his office.

More or less of the elements necessary to constitute the crime

State v. Walton.

of larceny, as elsewhere defined, are wanting in each of these cases. But it was clearly competent for the law-making power to extend the definition of the offence, so as to include these cognate cases. This they have done. In order to ascertain whether an indictment can be maintained against an offender of either of these three classes, we must look to see whether it includes allegations of those facts which the legislature have declared essential to constitute the offence which it purports to charge. Beyond these we are not to seek. It is not for the court to require either allegation or proof of that which the legislature have omitted in their definition of the crime, nor to carry that which is descriptive of one class of offences, into either of the others, as an essential requisite.

When the legislature is declaring what kind of embezzlement or fraudulent conversion shall be deemed larceny in an officer, agent, clerk or servant of a person, copartnership or corporation, it is careful to say that it must be of the property of another, in the possession or under the care of the offender by virtue of his employment, and that it must be shown that it was without the consent of his employer or master, and that the offender is not an apprentice, nor less than sixteen years old ; and these various conditions must appear in the indictment and be supported by the proof when a case of this class is under consideration.

But several of these conditions are omitted in declaring what embezzlements or fraudulent conversions by a public officer shall constitute larceny. As against such an officer, it is sufficient to allege and prove the fraudulent conversion to his own use of any money that comes into his possession or under his control by virtue of his office. As against a public officer the allegation of these acts and facts will suffice without going further, and without alleging that the money was the property of another, or whose money it was, or that the offender was not an apprentice, nor less than sixteen years old, or that he appropriated the money without the consent of any of the inhabitants of the municipal corporation whose officer he was. We need not follow the ingenious refinements of the defendant's counsel upon the question of the owner-

ship of the money, nor consider here the effect of the decisions that the collector must account for it to the town, according to the terms of his bond, though it has been lost without his fault, and other decisions that seem to imply that in a certain sense, and for certain purposes, he may be considered the owner of it himself. The questions here are—was he a public officer? Has he fraudulently converted to his own use, money which he had in his possession and under his control, by virtue of his office? It is set forth in the indictment, that the defendant, being a public officer, to wit, the collector of taxes of the town of Alton, did, by virtue of his office and while employed therein, receive and have in his possession, certain money to a large amount, to wit, the amount of nine hundred dollars, of the property of the town of Alton, and the said money did then and there unlawfully and fraudulently embezzle and convert to his own use, and so did steal, take and carry away the same. The defendant's demurrer admits the facts alleged, and his counsel might as well attempt to argue that there was no larceny, because in the very nature of the case, there was no actual taking and carrying away of the money from the possession of the inhabitants of Alton, as because it was not, perhaps, to all technical intents and purposes, their property before it had been paid in to their treasurer. It is not necessary for us to decide whether it was or not. It may have been precisely because of technical difficulties in determining to whom money thus situated belongs that the legislature omitted to require it. It is guarded by this statute because to whomsoever it belonged, it came to this defendant's possession, and into his control, by virtue of his office. When thus received, this statute makes the fraudulent appropriation of it to his own use, in violation of his official oath, tantamount to larceny, and punishable as such, though there is no felonious taking and asportation from the possession of the owner, and though the fraudulent official and his sureties may be held bound by his contract with the town to account for it under circumstances when an ordinary bailee would be excused. If necessary, the allegation as to the ownership of the money, might be treated

as surplusage. It was the fraudulent breach of official duty and trust, which but for this statute, could not be held to amount to larceny that the legislature aimed to punish. That collectors of taxes are public officers there can be no doubt. They are specially mentioned among those that are to be chosen at the annual town-meetings in pursuance of R. S., c. 3, § 10. Even in the absence of such special statutory recognition, they have been so regarded, and held liable to the penal provisions of statutes of like character with that under which this indictment is found.

The case of *The People v. Bedell*, 2 Hill, 196, arose under a New York Statute which provides that "where any duty is or shall be enjoined by law upon any public officer, or upon any person holding any public trust or employment, every wilful neglect to perform such duty * * * shall be a misdemeanor punishable as herein described."

The defendant was appointed collector of the Geneva Village Corporation by the trustees, and gave bonds for the faithful discharge of his duty. Warrants and tax-bills were given him for collection. He finally went off a defaulter for from three to five hundred dollars, and was indicted under this statute. It was objected that the charter of the village corporation did not authorize the appointment by the trustees; and, if it did, defendant was not a public officer within the meaning of the statute. The collector is not mentioned among the officers to be chosen for the corporation, but power is given to the trustees to appoint one attorney, street commissioner, fire-wardens and certain other officers specially named, and also "such other officers as shall be authorized by this act." The collector is not named in any list of officers in the act; but one section provides that "the collector shall collect all moneys which shall be ordered by the corporation to be raised by tax." Hereupon, in an opinion drawn by *Bronson*, J., the court held: I. That the collector was one of the officers authorized by the act, and might be appointed by the trustees. II. That he was a public officer; and that officers of such a corporation are "none the less public officers because their powers are con-

fined in narrow territorial limits." The court remark that he was required to take the oath and to give bail for the faithful performance of his duties, "and he was not the less a public officer because the office is not mentioned in the statute enumeration and classification of public officers."

In the case before us the defendant was a public officer. He admits by the demurrer the fraudulent conversion to his own use of money which he had in his possession and under his control, by virtue of his office. The demurrer cannot be sustained.

According to the agreement entered on the docket when it was filed, he may have leave to withdraw it and plead anew.

*Exceptions overruled.*

APPLETON, C. J., CUTTING, WALTON, DICKERSON and PETERS, JJ., concurred.