City of Waterbury v. Lawlor.

---

CITY OF WATERBURY vs. PETER LAWLOR AND OTHERS.

Collectors of taxes are required by statute (Gen. Statutes, p. 162, sec. 6,) to pay over the taxes collected to the treasurers of the communities imposing the taxes. Held that a collector, sued by a city for tax money collected and not paid over, could not set off a claim on the city for his salary as collector.

Where a collector had held his office for several years, and had each year given a bond with different sureties, and had never settled his account, it was held, in a suit on one of the bonds, that if his claim for salary could be set off, yet it could be only for his salary for the year covered by the bond in suit, an appropriation of his salary for the several years to the payment of what was due from him for a single year, being unjust to his sureties on his bonds for the other years.

[Argued June 7th—decided June 13th, 1883.]

ACTION against the defendants, principal and sureties on a bond for the faithful discharge by the defendant Lawlor of his duties as collector of taxes for the plaintiff city; brought to the City Court of the city of Waterbury. The declaration alleged a breach of the bond in the failure to pay over to the city moneys collected by Lawlor as taxes. The defendants pleaded a general denial and also a set-off of money due Lawlor as salary for the five years next preceding the year 1878, as well as for that year, to which last year only the bond applied. The court (*Cowell, J.,*) found

the amount of money in his hands collected by him as taxes during that year, allowed him his salary for that year, and rendered judgment for the plaintiffs for the balance. The defendants carried the case by a motion in error to the Superior Court; that court (*Culver, J.,*) affirmed the judgment, and the defendants appealed to this court. The case is more fully stated in the opinion.

*J. O'Neill,* for the appellants.

*S. W. Kellogg,* for the appellees.

Park, C. J. The only question in this case is, whether the collector of taxes for the city of Waterbury for the year 1878, having a large sum of money in his hands which he had collected on the warrant and rate-bill of that year, has the right to set-off against a claim of the city for this money his own claim for the salary due him from the city as collector of taxes in the years previous to 1878. The defendant, Lawlor, had been collector of city taxes for the period of five years next preceding the year in question, and during all that time had never settled his official account with the city. He had given a bond for the faithful performance of his duty as collector in each of those years, with different sets of sureties; and now he seeks to set off his entire salary for all those years against the taxes levied and collected in the year 1878. He insists that the taxes, when collected, lost their character of taxes, and became a debt in his hands due the city, like the loan of a sum of money. We think he is in error in this.

The suit is brought on the bond given by him to the city, the condition of which required him faithfully to perform all the duties pertaining to the office of collector of city taxes, and " pay over to the treasurer of the city all such sums of money as should come into his hands as such collector." Can the collector fulfil this obligation by paying to the treasurer a part of the money thus collected, and accounting for the balance by some debt due him from the

city? We think not. We think the obligation of the bond requires that he pay "all such money," trusting that at some proper time and in some proper manner his claim will be satisfied by the city. The money in his hands was collected for the support of the city government, which forms a part of the government of the state. Government must be supported at all hazards, in all its departments; else anarchy would ensue, and property would become of little value and life and liberty no longer secure. The safety of all we hold dear and valuable comes from government, and its calls for support must not be embarrassed by judicial proceedings in the investigation of claims which are interposed against such calls. But the following statute clearly shows that tax-money in the hands of a collector does not become a debt which the collector owes the city or town within the meaning of the statute of set-off. "If any collector of taxes shall fail to collect and pay the same within the time limited by the community imposing such tax, any justice of the peace, on application of its selectmen or committee, shall grant an execution against the body and estate of such collector, of the same form, and to be levied in the same manner, as executions in civil actions." Gen. Statutes, p. 162, sec. 6. Here the duty of payment of the tax-money collected to the community imposing the tax, keeps pace with the collection itself. "Collect and pay the same," is the language of the act. And so the warrant, prescribed by the statute, which gives the collector authority to make collections, imperatively requires the collector to pay the money collected to the treasurer of the community imposing the tax. "And you are to pay the sums collected to the treasurer of the said, &c., on or before the —— day of, &c." Gen. Statutes, p. 165, sec. 21. Surely, these statutes will not allow a collector to retain any tax-money in his hands to pay a claim he may have against the community imposing the tax, or when sued for such money to offset the demand by any such claim.

It is true that tax-money in the hands of a collector creates an obligation which has some of the elements of a debt

due the community imposing the tax, as was held by this court in the case of *Pratt's Appeal from Probate*, 41 Conn., 191. But an obligation, to be within the statute of set-off, must have all the elements of a debt,—no more and no less. Again, the statute cited authorizes execution at once to issue against the body and estate of a delinquent collector, without the delay and formality of a trial by court or by jury. In such a case what opportunity has the delinquent to plead a set-off? The process is forthwith. The direction is mandatory—pay the demand or your property will be taken and sold at the post that payment may be made, or your body committed to prison till payment is made.

We think it is clear that these statutes, and all others that treat upon the subject of the levy and collection of taxes, proceed upon the ground that no set-off can be made to taxes, or to tax-money while on the way from the tax-payer to the treasurer of the city or town imposing the tax. The process is summary from the beginning to the end, as the necessities of the case require.

But it is said that in the case of the *City of Hartford* v. *Franey*, 47 Conn., 76, the sureties on Franey's bond were relieved from liability to the extent of Franey's unpaid salary during the time covered by the bond in suit. But in that case no objection was made to the allowance, any more than is made here during the time covered by this suit; and the relief was granted as a matter of justice to the sureties, the plaintiffs making no objection thereto. In this case great injustice would be done to the former sureties of Lawlor, by allowing the set-off claimed, if it could be made. Lawlor, as collector of taxes, was a delinquent to a large amount in each of the five years preceding the one in question, and the five different sets of sureties on his bonds would each be responsible to the extent of his delinquency during the time covered by their bond. Consequently justice would require that each set of sureties should be relieved to the extent of Lawlor's salary during the time for which such set of sureties was responsible, if a set-off could be made.

We think therefore that the defendants were not entitled to the set-off claimed, and consequently that there is no error in the judgment appealed from.

In this opinion the other judges concurred.