TERRITORY, respondent, *v.* GEORGE BELL AND JAMES LANE, appellants.

PLEADING — *Errors in evidence — Record must contain evidence.* — Alleged errors in the admission or rejection of evidence will not be considered on appeal, unless the evidence is embodied in a bill of exceptions properly settled and signed by the judge. And the same is true of an assignment of error that the verdict is contrary to the evidence.

ROBBERY — *Description of property stolen — Insufficiency, how cured.* — An insufficient description of money alleged to have been stolen, in an indictment for robbery, is cured, if the indictment recites that a more particular description of the money is unknown to the grand jury.

*Appeal from First District, Gallatin County.*

LUCE & ARMSTRONG and H. N. BLAKE, for appellant.

There was no sufficient description of the property alleged to have been taken, nor was the want of such description properly accounted for. The allegation that a particular description of the property is unknown to the grand jury is a material allegation and must be proved as alleged. The evidence before the grand and petit jury showed that a particular description was known, and on this ground the appellant was entitled to

acquittal. *Territory* v. *Shipley,* 4 Mont. 468; 1 Bishop, Crim. Pro. (1st ed.) secs. 297–303; 32 N. Y. 465; 14 Gray, 41; 36 Cal. 245; 63 Ala. 12.

J. A. JOHNSTON, Attorney-General, for respondent.

The motion for new trial and exceptions to instructions are general and do not set forth the testimony, and therefore must be disregarded.

The indictment follows approved forms, and sufficiently accounts for lack of particular description of property stolen.

GALBRAITH, J. The appellants in this case were indicted for robbery. There was a demurrer to the indictment, which was overruled.

The appellant James Lane, upon his demand, was granted a separate trial, and was tried and convicted of robbery in manner and form as charged in the indictment. Judgment was duly rendered, and from that judgment there is this appeal. There was a motion for a new trial, and a motion in arrest of judgment. The motion for a new trial was made upon the following grounds, viz.:

1. That the court misdirected the jury in a material matter of law.

2. That the court admitted illegal evidence.

3. That the verdict is contrary to law.

4. That the verdict is contrary to the evidence.

5. That the court erred in overruling the demurrer of the defendants to the indictment.

The motion in arrest of judgment was for the reason " that the facts stated in the indictment do not constitute a public offense." The same objection is presented by the demurrer, and will be disposed of when we come to its consideration.

It does not appear that the exception to the refusal of the court to withdraw certain testimony of the witness

Chizum from the consideration of the jury, which is the only evidence complained of as being illegal, is contained in any bill of exceptions settled and signed by the judge who presided at the trial, or filed with the clerk as required by law. Secs. 348, 349 and 350 of Crim. Pr. Act.

The same may be said, also, in relation to the objections urged as reasons for granting a new trial, viz.: that the verdict is contrary to law and the evidence. The evidence is not contained in any bill of exceptions which was settled and signed by the judge, or filed with the clerk, and will not, therefore, be considered by this court. There is nothing in the record to show that the evidence, or any part thereof, was settled by the judge in any way whatever.

We will not say that the verdict is contrary to evidence, unless the evidence is properly before us; and whether or not, in this case, the verdict is contrary to law, depends so much upon the evidence that we cannot say that it is so, unless we can consider the evidence. The claim that "the court misdirected the jury in a material matter of law" is for the reason that it gave certain instructions, and refused to give certain others which were requested by the defendant. We cannot say whether or not the instructions so given and refused were applicable or inapplicable to the evidence, which, as we have already stated, is not before us.

It only remains to consider the demurrer to the indictment. The only objection raised by the demurrer relied upon is, that there is not a sufficient description of the property alleged to have been stolen. The description was as follows: "And $40 in money, a more particular description of which said money is now here, to the said grand jurors, unknown, of the value of $40, of the goods, chattels and money of the said Thomas Hoeffner."

In the case of *The Territory* v. *Shipley*, 4 Mont. 468, after stating the requirements which should be complied

with in relation to describing property alleged to be stolen, in indictments for larceny, we said as follows: " These requirements have, as their ultimate effect, fairness towards the defendant.    Any description, therefore, which is not set forth with sufficient certainty to satisfy the above requirements, or assign a good and sufficient reason for the failure so to do, may be taken advantage of by demurrer.    The facts that are thus required to be set out are not, indeed, essential constituents of the crime. They are not vital to the accusation, being merely matters of description.    But where they are not set forth, the reason for non-compliance with these rules should be stated in the indictment.    The allegation that such facts are unknown to the grand jury, where such is the case, would be an excuse for such non-compliance.    This is not a mere formal allegation, for it has been often held that if it be shown that the particular fact was known to the grand jury, the indictment would be bad, or that the judgment should be arrested or reversed, or the defendant acquitted."

In the indictment before us, although the description of the money set forth does not comply with what are regarded as the fundamental requirements of the description of property alleged to be stolen, yet the excuse for such non-compliance is given, viz.: that "a more particular description of which said money is now here, to the grand jurors, unknown."    This excuse remedies the faulty description in the indictment.    Whether or not such description was in fact known to the grand jurors could only appear in this case from the evidence, which, as before stated, will not be considered.    This disposes of all the errors specified.

The judgment is affirmed.