THE STATE OF CONNECTICUT *vs.* GEORGE L. GRISWOLD.

Second Judicial District, Norwich, May Term, 1900.

ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Section 1579 of the General Statutes provides that "every officer or agent of any public, municipal, or private corporation who shall wrongfully appropriate and convert to his own use the money, funds, or property of such corporation," shall be punished. *Held* that the collector of town taxes was a town "officer or agent," within the meaning of this statute.

Upon a prosecution under this statute it appeared that the accused had accepted checks and money-orders in payment of a portion of the taxes. *Held* that in the absence of any evidence to the contrary the jury were justified in presuming that these were cashed by the defendant in the usual course of business and became "money" in his hands, as charged by the trial court.

A town and not the tax collector is the real owner of money paid to him as taxes. By virtue of his office he becomes the custodian of the fund but holds it in trust.

Section 1623 of the General Statutes declares that "the neglect or refusal of an accused party to testify shall not be commented upon to the court or jury." *Held* that certain comments by the State's Attorney in argument, objected to as being in violation of this statute, related to the omission of counsel for the accused to cross-examine as to the correctness of book entries, rather than to the failure of the accused to testify.

If the charge as a whole is not objectionable, error cannot be predicated upon detached sentences or clauses.

Argued May 29th—decided July 13th, 1900.

INFORMATION for embezzlement, brought to the Superior Court in New London County and tried to the jury before *Prentice, J.;* verdict and judgment of guilty, and appeal by the accused for alleged errors in the rulings and charge of

the court and in its denial of the defendant's motion for a new trial upon the ground of a verdict against evidence. *No error.*

The State offered evidence to prove and claimed to have proved, that the defendant was duly elected collector of town taxes of the town of Norwich on the first Monday of October, 1897; that he qualified and entered upon his duties as such collector, and thereafter as such received the rate-bill and warrant for the collection of the taxes laid by the town of Norwich at its annual town meeting in October, 1897, upon its grand-list for that year; that he did collect a large part of the sums set in said rate-bill, *viz*, $90,416.88; that he had accounted for, or paid over to the town, of the sums so collected by him, only $85,013.16, and that the remaining part of said sums so collected by him, amounting to $5,403.72, he had wrongfully, unlawfully and feloniously appropriated and converted to his own use. The defendant offered no testimony on his own behalf. The jury returned a verdict of guilty, and the defendant appealed.

*Charles F. Thayer* and *Donald G. Perkins*, for the appellant (the accused).

*Solomon Lucas*, for the appellee (the State).

ANDREWS, C. J. This information is brought under § 1579 of the General Statutes of 1888, which enacts that "every officer or agent of any public, municipal, or private corporation, . . . who shall wrongfully appropriate and convert to his own use the money, funds, or property of such corporation, . . . shall be fined," etc. The jury found the defendant guilty of having violated that statute as charged in the information. The defendant now insists that there were various errors committed during the trial, which have vitiated that verdict. Three or four of the assignments demand careful consideration. The others can be disposed of more readily.

Among the first of these is the claim of the defendant that

he was not an officer or agent of the town of Norwich, within the meaning of the statute. An officer is one who holds an office, and an office is a position to which certain duties are attached ; a post, the possession of which imposes certain duties upon the possessor and confers on him authority for their performance. The objection is, not that the accused was not an officer, but that he was a State officer, and not an officer of the town of Norwich. But this cannot be. He was appointed by the town ; he was set to perform town duties ; he was by statute, § 3903, accountable to the town, and received his compensation from the town. If these features do not make him a town officer, it would hardly be possible to define a town officer. To be sure the paramount authority by which he performed his duties was the State statute. So, also, it is with the town clerk and the selectmen ; but it cannot be said that they are not town officers.

The State called two witnesses, each of whom had been a clerk in the office of the defendant. On the cross-examination of these witnesses the defense brought out the fact that quite a large part—it was claimed as much as half—of the payments of taxes made to the defendant was by checks or orders. Thereupon the defendant claimed that he could not be convicted ; that as the information charged the wrongful appropriation and conversion of money, he could not be convicted upon proof that he had received checks. He asked the judge to instruct the jury according to his claim. The judge charged in reference to this claim as follows : "I instruct you . . . that if you shall find that the accused received and accepted in payment of the taxes on this rate-bill, either checks or postal money-orders, it was for his interest, if not his duty, to have the same promptly cashed, and you are entitled in the absence of evidence of a contrary fact, to presume that they were, in the ordinary course of business, cashed, and that the actual cash they represented thus came into his hands; and such cash so received, whether in fact in hand or in bank, would be, within the meaning of the law in question, moneys received from the collection of the taxes,

and moneys, therefore, which he was bound to deliver over to the town treasurer under § 3903."

We think this charge was correct. It is supported by the authorities. There was a *prima facie* presumption of fact that the checks, being negotiable paper, had been regularly negotiated, and so had become money. 2 Whar. on Ev. § 1301. The information uses the term "money." That is a very general term and is often used to include checks or other like kinds of paper. In the case of *State* v. *New York, N. H. & H. R. Co.*, 60 Conn. 326, 333, this court had occasion to discuss the expression "cash on hand." It is there said: "Bank notes, checks, drafts, bills of exchange, certificates of deposit, or other like instruments which pass with or without indorsement from hand to hand as money, or are immediately convertible into money, fall properly enough within the words, 'cash on hand.'" In ordinary business usage a check means the same as money.

Counsel for the accused made several requests of the court, in writing, to instruct the jury. One of them recited a portion of the opinion in *Pratt's Appeal*, 41 Conn. 191, and asked the court—claiming from that opinion the law to be so—to instruct the jury that the money which the accused had received in the payment of taxes was his own money and not the money of the town. The court did not comply with the request, but instructed the jury to the contrary.

We think the instruction as given was correct. A tax collector of a town has by virtue of his office the custody of the money he has received as taxes. He holds this money in the nature of a trust. *United States* v. *Boyd*, 15 Pet. 187. So far as the necessities of his duty require, he may treat the money as his own, and no further. The town is at all times the real owner of all the taxes. A single expression in the opinion in the case of *Pratt's Appeal* may seem to support the claim of the appellant. When examined as to the facts on which it was decided, the case is not in conflict with the rule now stated. In that case one Gustavus W. Pratt had been the collector of the town taxes for the town of Essex for the years 1865, 1866, 1867 and 1868. Each of the first

three years he had given an adequate bond. The last year he had not given a bond. He had been dilatory in the collection. There were, in 1868, taxes on the list of 1867 not collected, or, at any rate, not paid over to the town treasurer. During the year 1868 he paid certain sums which he had collected on the list of that year, to apply on the bond which he had given for the year 1867. This was received by the town, and credited and applied on that bond. Afterwards he failed to pay over the amount due on the list of 1868. The town then instituted the proceeding to recover on the bond for the year 1867, making the claim that the application on that bond of money collected on the rate bill of 1868 was not a payment. This court held that as Gustavus W. Pratt was holden to the town for the taxes of 1867, as well as for the taxes of 1868, the money he had in his custody as collector, although collected on the rate-bill of 1868, was, as between him and the town, so far his own money that he might apply it to the payment of taxes for the year 1867, and that the town having accepted and applied it in payment of the bond of 1867 could not deny that it was a good payment. That case does not hold that money paid as taxes and in the hands of the tax collector is his own money for all purposes. The contrary is the law as shown in later cases. *Hartford* v. *Franey,* 47 Conn. 76 ; *Waterbury* v. *Lawlor,* 51 id. 171. See Cool. on Tax., Ch. 22. By the general law a tax collector is a public officer, and may be punished if he fraudulently converts to his own use money in his possession or under his control by virtue of his office. 10 Amer. & Eng. Ency. of Law (2d ed.), 1021. And in a prosecution against him for such conversion he cannot defend on the ground that he and his sureties are liable to the town for the money, on his bond. *State* v. *Walton,* 62 Me. 106.

In one part of his argument the State's Attorney, in commenting on the evidence based on the entries in the rate-book marked or stamped " paid, " said : " If there are any errors in this book, why Griswold knew them, and he could have shown them. He could have produced witnesses to prove them. If there are items marked in this book as paid, which

were not paid, they could have produced witnesses to show it." Counsel for the accused objected to this.

The objection is, as we undertand, based on the statute, §1623, which enacts that " the neglect or refusal of an accused party to testify shall not be commented upon to the court or jury." The accused had not himself testified on the trial. But two persons who had been his clerks had testified in respect to this very book and these very entries. They had knowledge as to the correctness of the entries, but were not cross-examined upon that point. It seems to us that the most natural effect of this remark on the minds of the jury would have been to cause them to remember the omission by counsel for the accused to inquire of these witnesses. It was not a comment upon any neglect or refusal by the accused to testify, but a comment on this omission, and that was not error.

Taking the charge as a whole we think it is not objectionable. Counsel for the accused has selected various extracts from the charge and have assigned error upon each of them. Such assignments cannot be sustained. Usually it is only by taking the charge as a whole, or some substantial part of it which is so complete by itself that it is not modified or affected by the other parts of the charge, that this court can say that there is error. There are some other assignments as to the rulings upon evidence. None of them require examination.

There is no error.

In this opinion the other judges concurred.