[No. 1070, June 27, 1905.]

TERRITORY OF NEW MEXICO, Appellee, v. EDWARD HALE, Appellant.

## SYLLABUS.

1. Section 1125, C. L. 1897, construed, and held to apply to embezzlements by others than public officials.

2. Under Sec. 1125 C. L., 1897, in an indictment for embezzlement of public moneys an allegation that the defendant "having then and there in his possession the sum of (a certain number of dollars in money), a better description of the kinds and character of which is to the grand jurors unknown" is sufficient both as to description of the money and the value thereof.

3. There is no variance between an allegation of em-

bezzlement of money and the proof where the proof shows that public funds were deposited in a bank on general deposit and the embezzlement was accomplished by means of drawing checks on such deposit.

4.  The venue in embezzlement is properly laid in the county where the possession becomes adverse to the owner.

Appeal from the district court of San Miguel county, before WILLIAM J. MILLS, Chief Justice. Affirmed.

LONG & FORT, for appellant.

The indictment does not sufficiently describe the money alleged to have been embezzled.

> State v. Kroeger, 47 Mo. 531; Bishop's Criminal Practice, Sec. 703, 704; State v. Morey, 2 Wis. 362; State v. Longbottoms, 11 Humph. (Tenn.) 39; Rice Cr. Ev. 451; State v. Denton, 22 Atl. 305; State v. Ward, 2 S. W. 191; Tyler v. State, 16 S. W. 302.

In case of money unless there is a statutory provision to the contrary, there must be some description.

> McClain Cr. L. 2 Vol. 660.

Value must be averred, or such form of expression must be used as that value is necessarily implied.

> Hope v. Commonwealth, 9 Met. (50 Mass.) 135.

A charge of embezzling money is not sustained by proof of embezzling a check, without evidence that it has been converted into money.

> 2 McClain Cr. L. p. 645 and 652—note; Reg. v. Keena, L. R. 1 C. C. 113; 2 McLain, p. 604; Lancaster v. S. 9 Tex. App. 393.

In prosecutions for larceny, embezzlement, false pretences, etc., a description of the property stolen, embezzled or obtained is essential to the charge, and must be borne out by the evidence.

> Clark's Criminal Law, 335 and 338, and note 42; Clark's Criminal Law, 227 and 228 and note 227.

Where a person is described as unknown, and it appears that his name could have been ascertained by

Territory v. Hale.

the exercise of reasonable diligence, this will constitute a variance.

> Clark's Crim. Prac. p. 340; Blodget v. State, 3 Ind. 403; Presley v. State, 24 Tex. App. 494 (6 S. W. 540); see also Waterman v. Waterman, 34 Mich. 490; Mann v. Mann, 14 Johns, N. Y. 1; Commonwealth v. Moore, 132 Mass. 250; Thalheim v. State, 38 Fla. 169; Block v. State, 44 Tex. 620; Bryan v. Brandreth, L. R. 16 Eg. 475.

In criminal law, as in statutes with regard to embezzlement, swindling, theft, etc., the meaning of the term "money" has been confined to that which is legal tender, as legal tender coin, or legal tender treasury notes of the United States. And so in other connections the term has been confined to legal tender currency.

> Bartley v. State, 53 Neb. 310; Thompson v. State, 35 Tex. Crim. App. 511; Jackson v. State, 34 Tex. Crim. App. 90; Coulter v. State, 37 Tex. Crim. App. 284; Otero v. State, 30 Tex. App. 450; Menear v. State, 30 Tex. App. 475; Taylor v. State, 29 Tex. App. 499; Lewis v. State, 28 Tex. App. 140; Woodruff v. State, 66 Miss. 309; Murphy v. State, 49 Ark. 39, 3 S. W. 891; Borton v. Brooks, 25 Ark. 215; Hanauer v. Gray, 25 Ark. 350.

A further fatal variance relates to the averment of ownership.

> Bank of Republic v. Millard, 10 Wall. 155.

As to the necessity of full and complete instructions by the court to the jury.

> C. L. 1897, Secs. 2992, 2994; Ty. v. Nichols, 3 N. M. 103; Aguilar v. Ty. 8 N. M. 496; Ty. v. Friday, 8 N. M. 204; S. v. McCaskey, 16 S. W. Rep. 512; Cadley v. State, 4 Tex. App. 238.

GEORGE W. PRICHARD. Attorney General, for Territory.

This indictment is drawn under Section 1125 of the Compiled Laws of N. M., 1897. The gist of the offense

of embezzlement under this section is the having in possession of money belonging to the Territory or county, and the conversion of such money to the use of the holder. The statute applies to any person, and is not limited to agents or officers.

Brown v. State, 18 Ohio St. 496; Reed v. State, 16 Tex. App. 586.

The allegation of the amount of money embezzled, with the further allegation that a better description is unknown is sufficient.

Territory of New Mexico, Appellee v. George W. Maxwell, Appellant, 2 N. M.; Fleener v. State, 58 Ark. 98; People v. McKinney, 10 Mich. 53; Dominick v. United States, 121 Fed. 640; State v. Combs, 47 Kas. 136; People v. Cobler, 108 Calif. 538; Jones v. Commonwealth, 13 Bush (Ky.) 356.

The term "money" as used in the indictment has a legal significance, and is not to be construed in any technical sense.

Taylor v. Robinson, 34 Fed. 678; State v. Downs, 148 Ind. 327; State v. Booner, 103 Iowa 112; Commonwealth v. Tuckerman, 10 Gray 173; Commonwealth v. Meade, 160 Mass. 319; People v. Gallagher, 35 Pac. 80.

### OPINION OF THE COURT.

PARKER, J.—The appellant was tried and convicted of embezzlement upon an indictment containing several counts and based upon Section 1125 of the Compiled Laws of 1897, which is as follows:

"Sec. 1125. If any person, having in his possession any moneys belonging to this Territory, or any county, precinct or city, or in which this Territory or any collector or treasurer of any precinct or county, or the treasurer or disbursing officer of this Territory, or any other person holding an office under the laws of this Territory, to whom is entrusted by virtue of his office, or shall hereafter be entrusted with the collection, safe keeping receipt, disbursement, or the transfer of any tax, revenue, fine or other money, shall convert to his own use, in any

Territory v. Hale.

way or manner whatever any part of said money, or shall loan, with or without interest, any part of said money entrusted to his care as aforesaid, or wilfully neglect or refuse to pay over said money, or any part thereof, according to the provisions of law, so that he shall not be able to meet the demands of any person lawfully demanding the same, whether such demand be made before or after the expiration of his office, he shall be deemed and adjudged to be guilty of an embezzlement."

It is urged by appellant that this section applies only to officials who, by virtue of their respective offices, come into possession of public funds and embezzle them, and to them only when by reason of such embezzlement they are not able to meet the demands of any person lawfully demanding such funds. An inspection of the section readily demonstrates the error of the contention. Four classes of persons are named in the section, viz.: "any person," or "any collector or treasurer of any precinct or county," or "the treasurer or disbursing officer of this territory," or "any other person holding an office under the laws of this Territory." If the legislature intended to limit the scope of the section to officers, the first clause will be superfluous. The use of that clause in connection with the others, demonstrates an intention to include persons not officers and who in any way come into the possession of public funds and embezzle the same. Nor does the clause "so that he shall not be able to meet the demands of any person lawfully demanding the same" modify the first clause for by reason of the clause which follows the modifying clause, the latter clause can have no application to persons other than officers, (whether it does in all cases apply even to them, we do not decide) and must be referred, *redenda singula singulis*, to that part of the section only which includes officers.

The indictment in each of the several counts charges that the defendant "having then and there in his possession the sum of ———— dollars, in money, a better description of the kinds and character of which is to the grand jurors unknown," etc., the specific amount being stated in each instance.

It is urged that this is an insufficient description of

the subject of the embezzlement. In the first place it may
be said that ordinarily the specific name, denomination and
kind of each piece of money stolen or embezzled must be
alleged in the indictment. 12 Ency. Pl. & Pr. 987; 2 Bish.
Cr. Proc. Secs. 703, 321; 1 McClain Cr. Laws Secs. 597,
652. A relaxation of this rule is recognized by reason of
the inherent difficulty in most instances of giving a spe-
cific description of the several pieces of money stolen or
embezzled, amounting often to impossibility. Therefore
it is permissible to give the best description possible of
the money and to allege that a better description thereof
is to the grand jurors unknown, as in fact, it is permissi-
ble to do in regard to the other property, or other circum-
stances identifying a given transaction, but not vital there-
to, when in truth the grand jury can so report. 1 Bish.
Cr. Proc. Sec. 553; 2 Bish. Cr. Proc. Sec. 321; 1 McClain
Cr. Law, Sec. 652; Com. v. Sawtell, 11 Cush, 142; Mer-
win v. People, 26 Mich. 298; Fleener v. State, 58 Ark.
98; State v. Hopper, 39 Ia. 468; State v. Hinkley, 4 Minn.
345; State v. McAnulty, 26 Kans. 553; Ter. v. Bell, 5
Mont. 562; Duval v. State, 63 Ala. 12. This has been
done in this case.

But there is no allegation of the value of the money
embezzled. The statute fixing the punishment regulates
the same according to the value of the property embezzled,
and, consequently, the value of the money must in some
way appear in the indictment and proof. If it appears in
this case, it appears by reason of the use of the words
"dollars, in money." The question, but arising under the
postal laws of the United States, was before this court in
U. S. v. Fuller, 5 N. M. 80. The indictment in that case
was founded upon the clause of Sec. 5467 of the Rev. St.
U. S., which condemns the embezzlement of any letter or
packet containing "any other article of value," and alleged
the letter to contain "eight hundred dollars," without fur-
ther description or allegation of value. In answer to the
contention of counsel for appellant in that case the court
said: "If the packet had contained any other article to
which the law fixes no certain value, then this would un-
doubtedly be true. For instance, a piece of jewelry. The
law places no value on such article. Its value, if any, is

Territory v. Hale.

regulated entirely by the usage of trade, and the law of supply and demand, and such value should be laid in the indictment, in the current money of the country, made by law the standard or unit of value.   To charge that eight hundred dollars is of the value of eight hundred dollars, would add no force or weight to the indictment.   It would not make the charge stronger, nor would it give the defendant any more information of the nature and cause of the accusation against him than is contained in this indictment."   (The quotation, differing slightly from the printed report, is taken from the original opinion on file in this court.)

It is here announced, in effect, that the word "dollar" used in an indictment purports value and obviates the necessity of such an allegation.   It is further said, in effect, that alleging a given number of dollars is alleging the same number of dollars in value.   That case differed from this in that there are no grades of the offense under the federal statutes while under our statutes the offense has two grades according as the amount embezzled is less or more than a specified sum. Section 1126, 1187, C. L. 1897. But if the allegation of so many dollars is an allegation of the same number of dollars in value, the difference between the two cases is of no importance.   We are compelled, therefore, to hold the indictment in this case sufficient in this particular or depart from the holding in the Fuller case.   This we are not inclined to do.   This view finds support in a few cases, State v. Alvesron, 105 Ia. 152; Gady v. State, 83 Ala. 51; Warren v. State, 29 Tex. 369; but we recognize it to be a departure from the current of authority, at least in cases arising under state or territorial statutes.   2 Bish. Cr. Proc. Sec. 320, 713; Wharton Crim. Pl. & Pr. Sec. 213-218; Brown v. People, 173 Ill. 34; State v. Stimson, 24 N. J. L. 9; Bork v. People, 16 Hun. 476; Reside v. State, 10 Tex. App. 675; Grant v. State, 35 Fla. 581; S. v. Thompson, 42 Ark. 517; People v. Donald, 48 Mich. 491; Stephens v. State, 53 N. J. L. 245.

It may be said, however, that this rule in regard to allegation of value, founded in reason as it is, and inflexible so far as concerns all property except money, has lit-

Territory v. Hale.

tle reason to support it in a country like ours, where all forms of money are by law and in fact of uniform value. It becomes a mere naked rule of law, serving no useful purpose and affording persons charged with the larceny or embezzlement of money no additional safeguard against unjust conviction.

What has been said under this head is upon the theory that the same requirements exist under our statute as under the English statute of 39 Geo. 3, upon which the English cases, much referred to by the cases in this country, were decided. 2 Bish. Cr. Law Sec. 321. It is to be observed, however, that the English statute made the offense larceny and hence all the technical requirements of allegation in larceny was required. 2 Bish. Cr. Proc. Secs. 319-320. On the other hand our statute creates a new statutory crime, not declared to be larceny, and hence no greater particularity of pleading is required than in other cases of statutory crimes. Bish. Direc. and Forms, Secs. 409-410; State v. Smith, 13 Kans. 274; People v. McKinney 10 Mich. 54; State v. Brooks, 42 Tex. 62; State v. Carrick, 16 Nev. 120; State v. Walton, 62 Me. 109; State v. Munch, 22 Minn. 67; Brook v. People, 16 Hun. (N. Y.) 476.

The reasoning in most of these cases is founded upon the absolute necessity of departure from the general rule as to description of public money in cases of defaulting public officers in order that the public may be protected and the intent of the legislature be carried out. The distinction above noted is in most of them overlooked or not relied upon. But both by reason of the dictinction and the reasoning adopted in each case, they were deemed sound and correct. See also Moore v. U. S. 160, U. S. 268.

Statutes have been passed in England and in many of the states providing that it shall be sufficient in all cases to allege the embezzlement to be of money. Bish. Direc. & Forms Sec. 404; 7 Ency. Pl. & Pr. 426. We have no such statute and place our decision upon the reasons heretofore stated. In a well considered case by this court, Territory v. Maxwell, 2 N. M. 250, it was held that the statute of 39 Geo. 3, was not a part of the com-

mon law of this Territory and the court said: "We hold then, that all that is to be required in cases of embezzlement, under our law, is the best description which the circumstances will permit, both in the indictment and upon the trial." That case was based upon Section 1122, Comp. Laws, 1897, relating to embezzlement by corporate officers, or agents or servants of corporations or private persons, and the offense is declared to be larceny. Thus the court in that case took much more advanced ground than we are compelled to take in this case. The indictment in that case descended into particulars more than in this case but not in such a way as to meet the requirements of a charge of larceny or embezzlement under the statute of 29 Geo. 3. But we see no reason to question the correctness of the Maxwell case. We might well have placed the decision in this case as to the description of the money upon the authority of that case alone.

It is next urged that there is a variance between the allegation and proof, fatal to the conviction, in that the embezzlement was not of money but of a credit in a bank where the funds of the county were deposited.

It appears from the proofs that the collector and treasurer of Mora county deposited the public funds of the county in the First National Bank of Las Vegas in San Miguel county. The collector and treasurer authorized and directed the bank in writing to pay all checks signed in a designated way by defendant out of an account which he kept in the bank as collector and treasurer. The deposit was not special but general and like that of any ordinary depositor in a bank. Defendant drew a large number of checks on the bank against this account and sent them through the mails or delivered them to various persons who presented the same and received payment thereon. Defendant never had possession of any actual money but accomplished the embezzlement, if at all, in the above manner. Does this amount to embezzlement of money?

In the first place it is clear that when the money of Mora county was placed on general deposit with the bank the same became, for some purposes at least, the money of the bank and the relation of debtor and creditor between bank and depositor arose. Bank v. Millard, 10 Wall.

155. But when a check is drawn, there is a segregation of that much money from the general funds of the bank which becomes the property of the depositor. This may be placed to the credit of the payee of the check, or it may be handed him in money, or otherwise disposed of as the parties may elect. But for a space of time, however short, the money of the depositor is being dealt with. And so it has been held under statutes against embezzlement of money that such embezzlement is accomplished by the drawing of a check upon a bank where such money is deposited. State v. Krug, 12 Wash. 288; Bartley v. State 53 Neb. 310; Bork v. People, 16 Hun. (N. Y.) 476; People v. McKinney, 10 Mich. 54; *contra.* Carr v. State 104 Ala. 43.

Another view has been advanced for the same holding to the effect that the word "money" in embezzlement statutes relating to public funds is used in a generic and not a specific sense, that is to say, that it includes all actual moneys, all credits and funds of every kind belonging to the public. We can see no impropriety in such view. The result must be salutary, and can in no way impair the rights of defendants. The holding in this case that the facts support a conviction of embezzlement of money may well rest upon either view above suggesed.

Another point is urged as to the venue. As already appears, the funds of Mora county were deposited in a bank in San Miguel county. The money was drawn out by means of checks sent or given to various persons who, in due time, presented and had them paid in San Miguel county. It is claimed by defendant that the crime, if committed, was committed in the latter county.

It will be noticed, in the first place, that every act of the defendant in connection with the crime charged was performed in Mora county where the indictment was found. He drew the checks there and either sent them by mail or delivered them personally to the respective payees. All things which were afterwards done were the result of instrumentalities which he, in Mora county, had set in motion. His purpose was effectuated in another county by means of these instrumentalities.

Whether Section 3398, Comp. Laws, 1897, is not broad enough in its terms to authorize a prosecution in either county where embezzlement is effected by drawing a check in one county upon an account in a bank in another county, we do not decide as we do not deem it necessary, we think the crime was clearly committed in Mora county where the venue was laid.

Much confusion arises from a failure to distinguish between the conversion and the evidence of it. The possession being lawful, the conversion may consist in a mere act of the mind whereby the character of the possession is changed and the holding becomes adverse. If this holding is with the intent to deprive the owner permanently of his property the offense is complete. This intent may be manifested by various acts, such as, making false entries, denial of receipts of money, not accounting when it should be done, rendering false accounts, or practicing any form of deceit, or running away with the money, or actually expending the money for defendant's own uses contrary to his directions, or otherwise diverting the course of the money to make it his own. 2 Bish. Cr. Law, Sec. 373; State v. Baumhager, 28 Minn. 226; 12 Cyc. 232. These acts, and many others which might be mentioned, are but the evidence of the felonious intent, and of the changed character of the holding. The actual expenditure of the money is not necessary, it would simply be the evidence of the adverse holding the same as any other act showing such fact. No man, of course, can be convicted upon a criminal intent alone unaccompanied by some act to carry the intent into execution. The act in case of embezzlement is mental in that the possessor changes the character of his holding to one adverse to the owner, and may or may not be accompanied by some physical act designed to make some actual disposition of the property. A defendant who has thus mentally begun to hold the money adversely while it is still in his possession and unexpended or otherwise dealt with has, nevertheless, committed embezzlement. He cannot be convicted of the same, however, until by some physical act or omission of his he has furnished the evidence of such adverse holding. Thus if I receive a sum of money in Santa Fe to be delivered in

Las Vegas, and I here resolve to convert the same to my own use; and if I, still with such resolve, take the money to Las Vegas, and there meet the person to whom it is to be delivered and, upon further consideration, I abandon my felonious purpose and pay over the money, I cannot be convicted of embezzlement simply for want of evidence, although all the time I have been guilty of the crime. On the other hand if I run away from Santa Fe with the money or dispose of it in such a way as to show my adverse holding here, I can be convicted of embezzlement here although I may actually spend the money elsewhere.

The facts in this case clearly show the crime to have been committed in Mora county. The acts of defendant, as already seen, clearly show that the adverse holding was fully consummated in Mora county and carried forward to full execution there so far as any act of the defendant was concerned. The venue, therefore, was properly laid in Mora county.

This disposes of all the points seriously urged by defendant except as to the instructions to the jury. We have carefully examined the instructions given, as well as those asked by the defendant and refused, and find those given to fairly cover the case and do not deem a discussion of the same necessary.

It follows that the judgment of the lower court should be affirmed, and it is so ordered.

John R. McFie, A. J., Edward A. Mann, A. J., Wm. H. Pope, A. J., Ira A. Abbott, A. J., concur.

Mills, C. J., having heard this case in the court below did not participate in this decision.