## Case No. 15,105.

### UNITED STATES v. FISLER.

[4 Biss. 59.] [1]

District Court, D. Indiana. Nov. Term, 1865.

COUNTERFEITING—POSSESSION OF FORGED TREASURY NOTES—INDICTMENT—COPIES.

1. An indictment for possessing forged treasury notes and postal currency with intent to pass them, must profess to give, and must actually give, exact copies of them, or allege a reasonable excuse for not doing so. Quære, whether in such a case it is sufficient to paste the forged instruments themselves on the indictment as a part of it?

2. To charge in the indictment in such a case, that the prisoner had in possession "divers" such forged instruments, it too indefinite. The number ought to be stated.

McDONALD, District Judge. This is an indictment for the felonious possession of forged United States treasury notes and forged United States postal currency, with intent to pass them. The prisoner [James Fisler] was tried by a jury at the present term, and a verdict of guilty was returned against him. He now moves in arrest of judgment, on the ground that the indictment is materially defective. There are two counts in the indictment. The first count charges the felonious possession of forged postal currency; the second avers the felonious possession of forged treasury notes. In other respects, the counts are alike.

In the first count it is charged that, on the 15th of November, 1864, in this district, the prisoner "unlawfully and feloniously did have and keep in his possession, and conceal, with intent to pass, utter, and publish as true, divers false, forged, and counterfeit fractional notes commonly called postal currency, in imitation of the postal currency, which, before the day and year aforesaid, had, by the secretary of the treasury of the United States, been furnished to the assistant treasurers and other depositories of the United States by him selected, called and known as fifty-cent stamps of the postal currency of the United

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

States—which said false, forged, and counterfeited fractional notes, commonly called postal currency, each of them are in substance described as follows." Here is pasted on the indictment one of the supposed forged fractional notes.

The second count, in the same language as the first, charges the felonious possession of "divers false, forged, and counterfeit treasury notes, and each of them are in substance described as follows, that is to say:" Here is pasted on the indictment one of the supposed forged treasury notes.

It is objected that both these counts are bad, because they profess to give the substance of the notes only. And it is insisted that, in charging forgery, the indictment must not only set out, but must profess on its face to set out, an exact copy of the thing forged, or must state some valid reason for not doing so.

This objection is fatal to the indictment. There is nothing better settled than that the rule in such cases requires exact copies of forged instruments to be given, and to purport on the face of the indictment to be given. The indictment in such cases generally employs such language as this: "to the tenor and effect following;" or, "in the words and figures following;" and it will never do to say "in substance as follows." State v. Atkins, 5 Blackf. 458; Whart. Cr. Law, §§ 306, 308, 1468.

It is also urged as a ground for arresting the judgment, that both the counts are defective for not stating the number of the forged notes mentioned. Indictments ought to be characterized by a reasonable certainty of allegation. They should at least be as certain as a declaration at common law should be. It is a rule in civil pleading at common law, that when the action concerns different things, they must be described by quality, quantity, and number. Steph. Pl. 296. Unquestionably a declaration in trespass for taking or destroying divers chattels—for example, divers horses or cows—would be bad as not stating the number of them. Surely the reason is equally strong for requiring that the number of these forged instruments be stated. Yet the indictment does not attempt to give the number. It only says "divers false, forged, and counterfeit fractional notes"—"divers false, forged, and counterfeit treasury notes." It is not pretended that in either civil or criminal pleading, the evidence must strictly conform to the allegation of number. In most cases, we may aver one number and prove another without a fatal variance. But some number must, in such cases, be stated. To say the least, it is doubtful whether to paste the original forged instrument on the indictment as a substitute for a copy, as was done in this case, does not render the indictment defective. It is a slovenly, unlawyerlike practice, not to be encouraged by courts. It is held good in England only by virtue of the act of 7 Geo. IV., not in force here. Rex v. Harris, 7 Car. & P. 429. But at any rate, the attaching of the

forged instrument does not aid the statement that it is "in substance as follows."

The judgment must be arrested The prisoner must be held in custody or on bail to answer to a better indictment.

As to the particularity required in an indictment, consult U. S. v. One Distillery [Case No. 15,929], and cases there cited.