TERRITORY, respondent, *v.* SHIPLEY, appellant.

CRIMINAL LAW — *Objection first raised in appellate court — Insufficiency of description of property.* — Objections made for first time in appellate court, that the record does not show arraignment and plea, will not be considered, but those facts presumed.

An indictment for larceny of bank bills, describing them as "sundry bank bills issued by authority of the United States of America," and giving only the aggregate amount and value, is bad on demurrer for insufficiency of description. The number and denomination of each bill should be given, or the failure to do so accounted for.

*Appeal from Third District, Lewis and Clarke County.*

J. K. TOOLE, for appellant.

1. The indictment was defective in this: that the description of the property was loose and indefinite. It should have given the number and denomination of the bills alleged to be stolen, or excused the failure to do so, by proper averments. *People* v. *Ball,* 14 Cal. 101; *People* v. *Bogart,* 36 Cal. 245; *Commonwealth* v. *Sawtello,* 11 Cush. 142; *Merwin* v. *People,* 26 Mich. 298; Same Case, reported in 12 Am. Rep. 314; 2 Parker's Crim. Rep. 37; 2 Bishop Crim. Pr. 692; *Stewart* v. *Com.* 4 Serg. & Rawle, 194; *State* v. *Dowell,* 3 Gill & J. 310; *Com.* v. *Boyer,* 1 Bin. 201; *Com.* v. *Maxwell,* 2 Pick. 143; 2 Hale, 182; *People* v. *Jackson,* 8 Barb. 637; *People* v. *Taylor,* 3 Denio, 91; *Johnson* v. *People,* 4 Denio, 364; *People* v. *Caryl,* 12 Wend. 547; *State* v. *Murphy,* 6 Ala. 845; *Salisbury* v. *State,* 6 Conn. 101; 13 Johns. 90; *Lambert* v. *People,* 9 Cow. 578.

In this indictment there was no allegation that a more particular description of the bills could not be given. Where this is unknown to the grand jury, forms the only exception to the rule laid down by the authorities. *State* v. *Hinckley,* 4 Minn. 345, and authorities cited above; *Harkins* v. *People,* 16 N. Y. 342. And this allegation, that the denomination or other particular fact "was

unknown to the grand jury," is not merely *formal;* on the contrary, if it be shown that it was in fact known to them, then, the excuse failing, it has been repeatedly held that the indictment was bad, or that the defendant should be acquitted, or the judgment arrested or reversed. *Rex* v. *Walker,* 3 Camp. 264; 1 Chitty's Crim. Law, 213; *Rex* v. *Robinson,* Hull's N. P. 5956; *Blodgett* v. *State,* 3 Ind. 403; *Com.* v. *Hill,* 11 Cush. 137; *Hayes* v. *State,* 13 Mo. 246; *Reed* v. *State,* 16 Ark. 499; 1 Bish. Crim. Pr. secs. 300–302; *Merwin* v. *People, supra;* 12 Am. Rep. 316 (this case was decided in 1873); *Arnold* v. *State,* 21 Am. Rep. 175. This is the latest case I have been able to find upon the question. Here the court, after a general review of the authorities, held a similar indictment bad, and say: "As might be expected, there is some diversity on the subject in several of the states, but *principle, analogy* and *preponderating authority* incline decidedly in favor of our conclusion." Also, 52 Ind. 281; 2 Duvall, 159.

2. The judgment should be reversed for another reason: *i.' e.,* there was no plea of "not guilty," and consequently no issue to be tried. *Haskins* v. *State,* 84 Ill. 87; *Gould* v. *People,* 89 Ill. 216; *Douglas* v. *State,* 3 Wis. 715; *State* v. *Sanders,* 53 Mo. 234; *State* v. *Montgomery,* 63 Mo. 296; *People* v. *Gaines,* 52 Cal. 480.

T. J. LOWREY, District Attorney, for respondent.

1. As to whether judgment should be reversed because the record on file does not disclose the fact of arraignment and plea in court below.

2. As to whether, in case judgment is reversed, the appellant should be remanded for trial.

As to the first proposition, respondent contends that judgment should not be reversed on the grounds stated. It is not nor can it be contended that, as a matter of fact, there was not an arraignment and a plea of not guilty regularly made on the trial. The record does not disclose

the fact; and the question to consider is, does the failure of the record filed to disclose the facts raise the presumption in this court that the plea was not entered? Under our system of statute in case of appeals, it is only necessary to put in the transcript such matters as will explain the irregularities complained of. In this case the appeal was taken on the ground that the indictment was defective.

I undertake to say that, in no transcript on appeal yet filed in this court, are all of the proceedings set forth fully, showing that every step was taken in the court below which the defendant had a constitutional right to have taken. The transcript shows that the defendant went to trial without further objection than to the form of the indictment. There is no rule of court nor statute requiring the transcript to contain a record of every act done in the court below.

The record in this case does not purport to be a record of all of the proceedings had upon the trial. See clerk's certificate. The clerk certifies only, "the foregoing, etc., contains true, correct, etc., copies of certain proceedings had therein, written," or to that effect.

It is well settled by precedent, that the fact that the transcript or record on appeal in criminal actions (even where the court is required to certify the record) fails or omits to state all of the proceedings necessary to a valid conviction, will not vitiate the judgment. The record must for that purpose affirmatively show that the omission was an actual fact. The appellate court, in the absence of an actual showing to the contrary, will presume the court below tried the case according to law. *People* v. *Conner,* 17 Cal. 354; *People* v. *Thompson,* 28 Cal. 214; *People* v. *Robinson,* 17 Cal. 363; *People* v. *Dick,* 32 Cal. 213; *People* v. *Cheney,* 17 Cal. 320; *People* v. *Bealoba,* 17 Cal. 389.

It might be construed otherwise if our statute and practice required, and the clerk had certified, that the

transcript should and did contain a full, true and correct transcript or record of every act and thing done upon the trial.

As to the question of the correct practice in case this court finds the judgment of the court below bad on the defendant's motion and appeal, I believe the true rule to be that the former trial was a nullity, and the defendant never has been put in legal jeopardy, and he is not protected by the constitutional provision, "Nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb," from a second or lawful trial.  By successfully invoking the intervention of this court on the ground that he has not had a constitutional trial, he estops himself from saying that he has already been in jeopardy, etc., and a retrial does not in any way impinge upon his constitutional right.  Any other view of the subject must result in a denial of a new trial in all cases, if carried to its logical conclusion.  It must follow that the judgment of this court, in such a case, should be that there was a mistrial below, and the appellant remanded to the court having jurisdiction for a trial, and the prisoner be returned or delivered over to the proper county, there to abide the order of the court in which he was convicted, unless it also appears that no offense whatever has been committed.  R. S. of Mont. sec. 404, p. 340; 1 Bishop's Crim. Law, sec. 673; *State* v. *Kenvose*, 33 Iowa, 365; *In re Kernan*, 7 Wis. 695; *People* v. *Webb*, 38 Cal. 467; *Peafer* v. *Commonwealth*, 3 Harris, 468; 3 Wheaton, Crim. Law, sec. 573 *et seq.*

GALBRAITH, J.  The record in this case does not show that the defendant was arraigned and pleaded to the indictment.

This is assigned as one of the reasons for the reversal of the judgment.  No objection appears to have been made upon this ground in the court below and the defendant was duly tried after demurrer.

We cannot reverse the judgment for the reason alone that the record does not show an arraignment and plea by the defendant. Where the record does not, as in this case, disclose such arraignment and plea, unless there is something to show affirmatively that the defendant was not arraigned and did not plead, such arraignment and plea will be presumed.

But the defendant demurred to the indictment, alleging, among other reasons therefor, the following, viz.: "That there is no sufficient description of the property alleged to be stolen, to put the defendant on his defense."

The description of the property alleged in the indictment to have been stolen was as follows: " Sundry bank bills issued by the authority of the United States of America, usually known as *greenbacks*, amounting in all to the sum of $180, of the value of $180," and "sundry bank bills issued by authority of the United States of America, usually known as *greenbacks*, amounting in the aggregate to $589, of the value of $589."

This description fails to give the number and kind, or denomination, of the bank bills. It is this failure which it is claimed constitutes the insufficiency of the description of the property and renders the indictment, consequently, bad.

One of the principal objects to be accomplished by an accurate, precise and certain description of property alleged to be stolen, in an indictment for larceny, is that the jury may be able to decide whether the chattel proved to have been stolen is the very same as that described in the indictment. It should, therefore, be described with sufficient certainty to enable the jury to so determine. Viewed in the light of this rule, the description complained of does not accomplish this object. There is not such a certainty of description as that a jury could find, if the property should be proved as described, that it was the very same property alleged to have been stolen in the indictment. A general description of the property

as "sundry bank bills issued by authority of the United States of America, usually known as greenbacks, amounting in all to $180," or "in the aggregate to $589," is plainly not a description with sufficient precision and certainty as to be a compliance with the above rule.

The description in an indictment for larceny should also be such as that, if the defendant be tried, he may be enabled to plead his conviction or acquittal to a subsequent indictment relating to the same property. It is true that the identity of the property may be shown by other evidence, but a failure to properly describe the property will render the proof of such identity more difficult. So far as the defendant could rely upon the description of the property in this indictment against a subsequent accusation relating to the same property, it is obnoxious to the objection of insufficiency of the description thereof.

Again, another object of the description is to inform the defendant with sufficient certainty and precision of the particular transaction constituting the offense with which he is charged, so that he may be able to prepare his defense thereto. We cannot think that this object is attained when, as in this case, in which bank notes or currency are the alleged subjects of larceny, the description merely states the kind of money generally, and the aggregate amount thereof, without stating the number and kind, or denomination, of the notes. This kind of property is as susceptible of this kind of description as coin or money, and in such a case "the number of the pieces and their denomination, and whether of silver or gold or copper, should be stated, and regularly the value of each." *Merwin* v. *The People*, 26 Mich. 298. The description of the property, therefore, does not comply with what are regarded as fundamental requirements in relation to describing the property alleged to be stolen, in indictments for larceny. These requirements have, as their ultimate object, fairness towards the defendant.

Any description, therefore, which is not set forth with sufficient certainty to satisfy the above requirements, or assign a good and sufficient reason for the failure so to do, may be taken advantage of by demurrer. The facts that are thus required to be set out are not, indeed, essential constituents of the crime. They are not vital to the accusation, being merely matters of description. But where they are not set forth, the reason for non-compliance with these rules should be stated in the indictment. The allegation that such facts are "unknown to the grand jury," where such is the case, would be an excuse for such non-compliance. This is not a mere formal allegation, for it has been often held that if it be shown that the particular fact was known to the grand jury, the indictment would be bad, or that the judgment should be arrested or reversed, or the defendant acquitted. 1 Bishop, Cr. Prac. secs. 300, 302, and cases cited. The indictment under consideration does not comply with the above requirements in relation to precision and certainty of description, or assign any excuse therefor.

These requirements are, in our opinion, reasonable, and not only do not conflict, but are in harmony with our own legislative provisions in relation to indictments, as set forth in article 8 of the Criminal Practice Act.

Judgment is reversed, and the cause remanded for a new trial.

*Judgment reversed.*