## UNITED STATES, Respondent, *v.* JOHN J. WEIKEL, Appellant.

PLEADING, CRIMINAL — *Indictment — Counterfeiting.* — The defendant was ·jointly indicted with two other persons for counterfeiting coin of the United States. The indictment charged the offense as follows: "That the said Jesse R. Beck-with, George Morris, and John J. Weikel, at the county of Fergus, in the Territory of Montana, and in the Fourth Judicial District, and within the juris-diction of this court, did falsely make, forge, and counterfeit the silver coin of the United States, to wit, the silver coin commonly known and called a dollar, and did make in the resemblance and similitude of the silver dollar (a coin of the United States), certain forged and counterfeit coins of base metal, with intent to defraud certain persons whose names are to the grand jury unknown." *Held,* that the indictment should have alleged the number of counterfeit coins made, and that it did not contain a sufficient description of the offense. (*Ter-ritory* v. *Shipley,* 4 Mont. 468, cited.)

CRIMINAL LAW — *Counterfeiting — Evidence.* — On the trial of the defendant for counterfeiting, there was no proof that any counterfeit coin had been made or uttered by the defendant, or either of two other persons jointly indicted with him. The coin alleged to have been counterfeit was excluded as evidence, and there was only faint proof, aside from a confession of the defendant, that he had conspired with others to counterfeit coin of the United States government. *Held,* that a motion made by the defendant that the court should instruct the jury to acquit him was erroneously refused.

*Appeal from the Fourth Judicial District, county of Fergus.*

### STATEMENT.

At the June term, 1888, of the Fourth Judicial District Court, sitting at Great Falls, Cascade County, for the trial and deter-mination of causes arising under the Constitution and laws of the United States within the said district, the grand jury of said court found an indictment against the defendant, John J. Weikel, and Jesse R. Beckwith and George Morris, for counter-feiting silver coin of the United States in the county of Fergus. A demurrer to the indictment on the ground that it was ambigu-ous and uncertain in not giving a description of the coins alleged to have been counterfeited, and also on the ground that it did not set forth facts sufficient to constitute an offense, was first interposed in behalf of all the defendants; and upon the over-ruling of the same by the court, Weikel plead not guilty, and was granted a separate trial.

After his arrest, Weikel had made a statement to Maurice Sulli-van, the under-sheriff of Fergus County, who had him in custody, relative to his connection with the counterfeiting, of which he

and his co-defendants were accused. Sullivan, for the purpose of obtaining the statement, had represented to Weikel that George Morris, his co-defendant, had attempted to make a statement (this was untrue) and that the courts were more lenient if a man confessed. The statement was reduced to writing by the county attorney and Sullivan, and then corrected and sworn to by Weikel. All these facts appeared upon the trial. The substance of the statement was, that Beckwith and Morris had tried in vain to induce Weikel to engage with them in counterfeiting; that they had at one time shown him appliances for counterfeiting, also a cast in plaster of Paris of a silver dollar, and had explained their system; that at another time, they had brought a counterfeit silver dollar to his cabin for him to keep and hide, but that although he took it, he threw it away as soon as they left; that they had come to his cabin again several times, and had once attempted to make a plaster of Paris cast of a ten dollar gold piece there; that Morris had brought some molds for counterfeit coins to the cabin while he was absent, but that he broke them up as soon as he learned of their being in his room and threw them away; that Beckwith on another occasion informed him that he had passed one of the counterfeit dollars made, on a Chinaman for washing, and that Morris intended to pass their bogus coin in Miles City; that Beckwith and Morris afterwards came to his cabin several times without an invitation from him, and were there without his having any knowledge of their business; and lastly, that he had told Beckwith and Morris that they had better make away with anything they had that would constitute evidence against them, as they were liable to get into trouble. The statement was admitted in evidence, notwithstanding the objection of the defendant. Certain implements and materials which had been found outside of Weikel's cabin, and pointed out to an officer by him, were also exhibited to the jury in evidence. They consisted of a frying-pan, a ladle, a tin can with plaster of Paris in it, some loose plaster of Paris and molds of the same, some of which were broken, and a box of plating ointment. A battery, which had been found in an express office, addressed to Beckwith, and which Weikel in his written statement had mentioned as having been sent for by Morris to make counterfeit money, was also introduced in evidence by the

prosecution. Its use in counterfeiting was explained by an expert. One witness testified that he had seen Weikel, Morris, and Beckwith frequently together on the street and in his house, and that they seemed to be friendly; and that once he had found some loose plaster of Paris wrapped up in a paper left by them at his house. A room mate of Weikel's testified that he found some lead in the frying-pan in evidence, upon one occasion when he wanted to use it; and that Morris had once brought a small wooden box to the cabin, stating that it was a bank to keep his money in; also, that Beckwith and Morris were in the habit of coming to the cabin, where they would sit talking and smoking. A jeweler of Lewistown stated that Weikel upon one occasion had bought a solution for the purpose, as he had informed him at the time, of plating a brass watch which he wished to trade to a half breed; and that he returned the next day and told him the solution would not work. "I told him to bring the watch and I would plate it for him. He said, never mind, and asked for some gold plating. I told him that it cost five dollars a bottle. He wanted it, but I said I needed it myself." The officer, Sullivan, stated that he had found no coins upon Weikel when he arrested him. He exhibited two counterfeit silver dollars, one of which he had obtained from a man named Jackson and another from a saloon. The said coins, however, after having been shown to the jury were excluded from evidence by the court. A clerk in a store at Lewistown testified that upon one occasion he had sold Weikel two and one half pounds of plaster of Paris.

After the testimony of the prosecution had been closed, a motion was made to have the jury instructed to acquit the defendant, on the ground that no case had been made out against him. It was overruled by the court.

John Beck, the sheriff of Fergus County, being called as a witness by the defendant, stated that he had known him for two years, and that his reputation was good. On cross-examination, Beck testified that he had never heard Weikel's reputation discussed until after his arrest, whereupon, on motion, all of Beck's testimony was stricken out. The jury found the defendant guilty. A motion for a new trial was made, but denied by the court. A sentence of two years in the penitentiary and a fine

of one hundred dollars and costs was imposed upon Weikel. He appealed.

*Henry G. McIntire, Sydney H. McIntire,* and *Jerrie B. Leslie,* for Appellant.

The demurrer to the indictment should have been sustained. Said indictment is uncertain and indefinite in not stating the number of coins which defendant was charged with having made. (*U. S.* v. *Fisler,* 4 Biss. 59; S. C. 12 Myer's Fed. Dec. §§ 2331–2333.) The number should have been given or the failure so to do accounted for. (*Territory* v. *Shipley,* 4 Mont. 468.) Appellant was convicted in this case upon the statement or affidavit made by him to the officers of Fergus County. This was not a voluntary confession, and should have been excluded from the consideration of the jury. (*People* v. *Johnson,* 41 Cal. 452; *People* v. *Barric,* 49 Cal. 342; *People* v. *Soto,* 49 Cal. 67; *People* v. *McMahon,* 15 N. Y. 384; *Territory* v. *McClin,* 1 Mont. 394.) Outside of said statement or affidavit, there was no evidence whatsoever that the crime charged, counterfeiting coin, had been committed, and even if said statement sufficiently indicated that the crime had been committed, which it does not, it would not suffice to sustain a conviction. There must be other and satisfactory evidence of the *corpus delicti.* (Wharton's Criminal Evidence, 9th ed. §§ 325, 632, and n. 4., 633; *Territory* v. *McClin,* 1 Mont. 397; *Andrews* v. *People,* 117 Ill. 195.) There must be an actual fabrication of bogus coins by defendant, either alone or with others, to make out a case against him. Such coins should have been produced by the prosecution, but they were not. The coin must represent the genuine coin on both sides. The jury must be satisfied that it possesses the necessary similitude to the genuine coin. (4 Lawson's Criminal Defenses, p. 258, § 792; *U. S.* v. *Bogart,* 9 Ben. 314; 12 Myer's Fed. Dec. 259; *U. S.* v. *Morrow,* 4 Wash. 733; 12 Myer's Fed. Dec. 295; *Roberts* v. *State,* 2 Head, 501; *Dement* v. *State,* 2 Head, 505; 75 Am. Dec. 747; *U. S.* v. *Burns,* 5 McLean, 27; 1 Wharton's Criminal Law, 8th ed. §§ 700, 749; *State* v. *Orsborn,* 1 Root, 152; 6 U. S. Dig. p. 636, No. 303; *U. S.* v. *Hopkins,* 26 Fed. Rep. 443.) The guilt of defendant has not been established to the moral certainty required by the wise decisions of this court.

(*Territory* v. *Adolfson*, 5 Mont. 237; *Territory* v. *Rehberg*, 6 Mont. 467.) The defendant should have been given the benefit of witness Beck's testimony as to his good character. (*People* v. *Ashe*, 44 Cal. 288; *People* v. *Bell*, 49 Cal. 485.)

*Robert B. Smith,* United States District Attorney, for Respondent.

It is not necessary to state the number of coins in the indictment. (*U. S.* v. *Otey*, 31 Fed. Rep. 68; *U. S.* v. *Burns*, 5 McLean, 23.) The confession was voluntary, and made with a full knowledge of its effect, and without any hope of reward, and under no duress. It was properly admitted. (*Commonw.* v. *Knapp*, 10 Pick. 477; 20 Am. Dec. 534; 1 Greenleaf on Evidence, § 220; *People* v. *Jim Ti*, 32 Cal. 63, 64; *People* v. *Ah Ki*, 20 Cal. 178; *People* v. *Jones*, 31 Cal. 566.) The testimony offered as to character was from knowledge acquired as to the defendant after his arrest for the crime. It was properly excluded. (1 Phillips on Evidence, note 201, p. 642.)

DE WOLFE, J.— The appellant was jointly indicted with Jesse R. Beckwith and George Morris, for counterfeiting the silver coin of the United States. He was tried separately, and convicted in the Fourth Judicial District Court, sitting as a court for the trial of causes arising under the Constitution and laws of the United States. The indictment charges the offense as follows: "That the said Jesse R. Beckwith, George Morris, and John J. Weikel, at the county of Fergus, in the Territory of Montana, and in the Fourth Judical District, and within the jurisdiction of this court, did falsely make, forge, and counterfeit the silver coin of the United States, to wit, the silver coin commonly known and called a 'dollar,' and did make in the resemblance and similitude of the silver dollar (a coin of the United States), certain forged and counterfeit coins of base metal, with intent to defraud certain persons whose names are to the grand jury unknown." A demurrer was filed to the indictment, which with other causes for demurrer, assigns the following: "*Second.* Defendants demur to said indictment because the facts stated therein do not constitute a public offense, and of this they pray the judgment of the court." In the brief on the part of the

appellant the point relied on by the demurrer is more accurately stated as follows: "Said indictment is uncertain and indefinite in not stating the number of coins the defendants are charged with making." The court overruled the demurrer, and the first question for consideration presented by this record is, did the court err in this ruling? It is a well-settled principle of criminal pleading that certainty as to the offense charged is a requisite in all indictments. The defendant is entitled to be informed by the indictment of the exact offense he is called upon to defend. Does the indictment in question fulfill this essential requirement? We think not. It nowhere alleges the number of counterfeit coins made, nor describes the offense, except in the general language quoted. *U. S.* v. *Fisler*, 4 Biss. 59, contained an indictment against the defendant for having in his possession forged United States treasury notes, and forged United States postal currency, with intent to pass the same, without setting out the number of such treasury notes, or the number of forged United States postal currency which defendant had. After conviction, and on a motion in arrest of judgment, the court, in sustaining the motion in arrest, said: "Indictments ought to be characterized by reasonable certainty of allegation; they should at least be as certain as a declaration at common law. It is a rule in civil pleading at common law that, when the action concerns different things, they must be described by quantity, quality, and number." (Stephen's Pleading, 296.) "Unquestionably a declaration in trespass, for taking or destroying divers chattels, would be bad as not stating the number or description. Surely the reason is equally strong for requiring the number of these forged instruments to be stated. The indictment does not do this, but only says divers false, forged, and counterfeit fractional notes, and divers false, forged, and counterfeit treasury notes. It is not pretended that in either civil or criminal pleading the evidence must strictly conform to the allegation of number. In most cases we may allege one number and prove another, without a fatal variance; but some number must in such cases be stated." The case of *Territory* v. *Shipley*, decided by this court, and reported in 4 Mont. 468, was an indictment for larceny, for stealing bank-bills, and the offense charged was set forth in the indictment as follows: "Sundry

bank-bills issued by authority of the United States of America, usually known as 'greenbacks,' amounting in all to the sum of $180, of the value of $180; and sundry bank-bills issued by the authority of the United States of America, usually known as 'greenbacks,' amounting in the aggregate to $589, and of the value of $589." The court held this indictment insufficient in failing to give the number and kind or denomination of the bank-bills, and reversed the case on that ground. Guided by these precedents, and numerous authorities which might be referred to, we think the District Court erred in overruling the demurrer to the indictment; and on this account, if for no other, the cause will have to be reversed, with instructions to the District Court to sustain the demurrer.

As the record in this case alleges other grounds of error relied upon for the reversal of the judgment rendered against the defendant, and as the judgment involves the personal liberty of a citizen, we will consider one other question presented by the record. After the evidence for the prosecution was closed, the defendant, by his counsel, moved the court to instruct the jury to acquit him on the ground that the prosecution had failed to make out a case. This motion the court refused, and in this committed error. There was no evidence on the part of the prosecution proving, or tending to prove, the defendant's guilt of the crime charged against him in the indictment—of counterfeiting the coin of the United States—and only faint proof of his conspiring with the other defendants to counterfeit the government coin, aside from his own confession. There was no proof of any counterfeit coin being made by any one; the coin alleged to have been counterfeited being excluded as evidence; and no witness testified that it was counterfeit, or that it was made or uttered by the defendant, or by either of the persons indicted with him. The judgment is reversed, and the cause remanded for a new trial.

*Judgment reversed.*

McCONNELL, C. J., and LIDDELL, J., concur.