STATE, RESPONDENT, *v.* DIMOND, APPELLANT.

(No. 6,289.)

(Submitted March 7, 1928. Decided March 17, 1928.)

[265 Pac. 5.]

*Criminal    Law—Larceny—Information—Sufficiency—Venue—*
*Proof—Value of Articles Stolen—Evidence—Admissibility.*

Larceny—Information—Sufficiency.
    1. Under subdivision 2, section 11843, Revised Codes 1921, providing that an information charging a criminal offense must contain a statement of the facts constituting the crime in ordinary and concise language so as to enable a person of common understanding to know what is intended, *held,* that an information charging defendant with stealing "five Ford wire wheels and tires" was sufficient to advise him that five wire wheels and tires for a Ford automobile were the articles charged to have been stolen, and therefore sufficient to enable him to prepare for his defense.
Same—Venue—Sufficiency of Proof.
    2. Proof that the automobile from which the articles above mentioned were taken was kept at a garage located at a corner of

---

1. Sufficiency of description of property in an indictment or information for larceny, see notes in 22 **Am. St. Rep.** 154; 34 **L. R. A.** (n. s.) 301; **L. R. A.** 1915B, 71. See, also, 15 **Cal. Jur.** 912; 17 **R. C. L.** 55.

[82 Mont. 110.]

city streets, that the garage was situate in the county in which the venue was laid, and that the car was driven to a field some 300 yards distant and there stripped of wheels and tires which were found in defendant's room in the city, was sufficient to prove the venue.

Same—Value of Articles Stolen Material Only in Determining Degree of Crime—When Defendant Convicted of Petit Larceny may not Complain.

3. The other elements of the crime of larceny being proven, if the property stolen is shown beyond a reasonable doubt to be of value, the amount of the value is material only in determining the degree of which defendant is guilty; and where there was testimony that stolen articles were of substantial value, the evidence was sufficient to sustain a verdict of guilty of petit larceny—the taking of a thing of the value of fifty dollars or less.

Same—Evidence—Admissibility—*Res Gestae.*

4. Testimony as to the condition in which an automobile with the larceny of the wheels and tires of which defendant was charged was found soon after the commission of the offense some distance from the garage in which it had been kept, *held* to have been properly admitted.

[1] Larceny, 36 C. J., sec. 270, p. 814, n. 74.
[2] Criminal Law, 16 C. J., sec. 1572, p. 767, n. 87.
[3] Larceny, 36 C. J., sec. 449, p. 883, p. 56; sec. 489, p. 908, n. 76.
[4] Larceny, 36 C. J., sec. 467, p. 891, n. 99.

*Appeal from District Court, Missoula County; Theodore Lentz, Judge.*

JACK DIMOND was convicted of petit larceny and he appeals from the judgment and an order denying his motion for new trial. Affirmed.

Cause submitted on briefs of Counsel.

*Mr. W. L. Murphy* and *Mr. Thomas N. Marlowe,* for Appellant.

*Mr. L. A. Foot,* Attorney General, and *Mr. S. R. Foot,* Assistant Attorney General, for Respondent.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

By information Jack Dimond and another were charged with stealing "five Ford wire wheels and tires of the value of

3. Proof of value of article stolen to determine degree of larceny, see note in Ann. Cas. 1912A, 895. See, also, 17 R. C. L. 66.

One Hundred and Ten ($110) Dollars." Dimond pleaded not guilty. Separate trials were granted each defendant. The jury found Dimond guilty of petit larceny. Judgment was entered on the verdict. He appealed from the judgment and later from an order denying him a new trial.

The specification of errors presents four points: (1) The information does not state a public offense; (2) there was no sufficient proof of venue; (3) there was no sufficient proof of value of the articles alleged to have been stolen; (4) the court erred in admitting certain testimony.

1. The information states a public offense. Section 11843, [1] Revised Codes 1921, prescribes that the "information must contain * * * 2. A statement of the facts constituting the offense in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended." The value and ownership being well laid, the description of the things stolen may be in general terms. (3 Bishop's New Crim. Procedure, 2d ed., sec. 700.) In an information for larceny, a description of the stolen property may be simply such as, in connection with the other allegations, will reasonably inform the accused of the offense charged and put him in a position to make the needful preparations for his defense. (*Carson* v. *State*, 22 Ga. App. 551, 96 S. E. 500.)

The rule in *Territory* v. *Shipley*, 4 Mont. 468, 2 Pac. 313, has been abrogated by statute (sec. 11860), but it never did apply to a case of this nature.

We have no doubt this information, while very general in its allegations, does enable a person of common understanding to know what is intended. Few instrumentalities are better known to the people in general than Ford automobiles. A court which would say that the words "five Ford wire wheels and tires" do not mean to the man in the street five wire wheels and tires for a Ford automobile—which defendant's counsel concede would be a sufficient description—would thereby make itself ridiculous.

[82 Mont. 110.]

Counsel for defendant argue that "the Ford Motor Company, the manufacturer of the Ford automobile, never did, nor has any other outfit, manufactured such a wheel," but there was no testimony to substantiate that assertion. On the contrary, Miss Berry, who was alleged to be the owner of the property stolen, testified that she was the owner of a Ford coupe, equipped with wire wheels, and that when she bought the car she gave an extra price for the wire wheels; they were $35 extra.

2. The venue was proven sufficiently. A witness testified [2] that he lived about two blocks southeast of the South Hall of the University, at the corner of Beckwith and Morgan Streets, and had a garage there which he was renting to Miss Berry upon the date specified in the information; the athletic field known as a high school oval, is about 300 yards southwest. Miss Berry said the garage was in the county of Missoula, state of Montana. She testified that about 10 o'clock on the evening of the fourteenth day of May, 1927, she put her car in the garage, which she locked, and that between that hour and 5:30 of the following morning the garage was opened and the car was taken out. She found the car on the high school athletic field, which was situated about three or four blocks south and west of the garage, and the car was stripped of its wheels. There was corroborative testimony.

The wheels were found in the possession of Dimond, being in a closet which opened into his room in the South Hall.

3. The proof respecting the value of the property stolen [3] was not altogether satisfactory, but it was sufficient to show that the articles in question were of some value. The other elements of the crime being proven, if the property stolen is shown beyond a reasonable doubt to be of value, the amount of the value becomes material only in determining the degree of which defendant is guilty. (*Commonwealth* v. *McKenney,* 9 Gray (Mass.), 114; *Commonwealth* v. *Riggs,* 14 Allen (Mass.), 376, 77 Am. Dec. 333.) If the value exceeds fifty dollars he is guilty of grand larceny; if fifty dollars or

less he is guilty of petit larceny. (Secs. 11371, 11372, Rev. Codes 1921.) It is not necessary to prove the value as alleged.

The stolen articles, which the record shows had the appearance of being ''practically new'' were before the jury. The examination of the witness who gave testimony on the point of value was exceedingly technical and we think the lines were drawn very strictly. Nevertheless, competent testimony was adduced showing that the wheels and tires each were of substantial value. There was sufficient evidence of value to sustain a verdict finding the defendant guilty of petit larceny. (See Underhill on Criminal Evidence, 2d ed., sec. 298; *Commonwealth* v. *McKenney, supra.*)

4. It is urged that the admission of testimony relating to the [4] condition of the car on the morning of the larceny but some time after its commission was prejudicial, but this cannot be conceded. The testimony showed that two men dressed in the fashion affected by students at the University were seen taking the car from the garage. When the car was found the wheels upon which it had run were gone. The spare wheel, equipped with tire, was gone. The tire holder had been wrenched off. The tools were scattered about. The battery was disconnected. The cable leading to the front light on the right side was cut. When the wheels and tires were found in defendant's possession a part of the tire-rack broken from Miss Berry's car and a part of the cable which served to hold the spare tire on were found also.

No error was committed in permitting witnesses to detail conditions found at the car immediately upon· or shortly after its discovery following the larceny.

Even without the confession said to have been made by the defendant the evidence amply sustains the verdict.

No reversible error appearing, the judgment and order must be affirmed, and it is so ordered.

*Affirmed.*

ASSOCIATE JUSTICES MYERS, STARK, MATTHEWS and GALEN concur.